No. 43,967

STATE OF KANSAS, *Appellant,* v. EDDIE D. COX, *Appellee.*

(397 P. 2d 406)

Opinion filed December 12, 1964.

*Robert J. Lewis, Jr.,* Assistant Attorney General, argued the cause and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellant.

*Wilbur G. Leonard,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment correcting an erroneous sentence imposed in a criminal action.

The chronological facts required for a proper understanding of the single issue raised by this appeal will be related as briefly as the state of the record permits.

On March 18, 1960, Eddie D. Cox, represented by competent court-appointed counsel, was convicted by a jury of the crimes of assault with intent to kill (G. S. 1949, 21-431) and kidnapping in the first degree (G. S. 1959 Supp., 21-449). He was duly sentenced and subsequently appealed. This court in *State v. Cox,* 188 Kan. 500, 363 P. 2d 528, reversed and remanded the case with directions to grant a new trial.

Upon return of the case to the district court of Geary County an amended information was filed charging Cox with commission of the crimes for which he had been previously convicted.

On September 12, 1961, after the court had reappointed his former counsel to represent him in the second trial, Cox was formally arraigned upon the amended information and, following some discussion between court and counsel, voluntarily entered a plea of guilty to the lesser crime of kidnapping in the second degree (G. S. 1949, 21-450), such crime being a lesser offense included in the offense

charged in count two of the amended information. This plea was accepted by the state and entered by the trial court as Cox's plea to count two. Cox then voluntarily entered a plea of guilty to the crime of assault with intent to kill as charged in count one.

Thereupon, based upon the aforesaid pleas, the trial court ordered, adjudged and decreed,

". . . that the defendant be confined in the Kansas State Penitentiary at Lansing, Kansas, for the period of time of 25 years, or until otherwise discharged as provided by law, for the offense of kidnapping in the second degree as included in the offense charged in Count 2 of the amended information. This sentence is imposed under G. S., 21-450.

". . . that the defendant be confined in the Kansas State Penitentiary at Lansing, Kansas, for a period of time from 1 to 10 years, or until otherwise discharged as provided by law, for the offense of assault with intent to kill. This sentence imposed under G. S. 1949, 21-431.

". . . that said sentences shall be served concurrently."

Approximately two years after he had been sentenced and confined in the penitentiary under the foregoing sentences, to be exact on August 9, 1963, Cox filed a motion for a *nunc pro tunc* order in the district court of Geary County wherein he alleged that the sentence of twenty-five years for kidnapping in the second degree was erroneous, in that G. S. 1949, 21-450, provides that the punishment for such offense shall not exceed thirty years and asked for an order correcting such sentence and for imposition of the sentence required by law.

On September 4, 1963, the trial court gave consideration to the foregoing motion and, after finding that his sentence was in effect an illegal sentence insofar as it pertained to the kidnapping sentence and should be set aside and corrected, ordered and directed that Cox be brought before it on March 4, 1964, so that his erroneous kidnapping sentence could be set aside and a legal sentence, as required by 21-450, *supra,* be imposed against him.

At the hearing on March 4, 1964, the state, for the first time throughout the entire proceedings, sought to introduce evidence of prior convictions and asked the court to sentence Cox as an habitual criminal under G. S. 1949, 21-107a. The trial court refused to allow the state to introduce evidence for the purpose of augmenting the sentence under the provisions of 21-107a, *supra.* In making its ruling it stated:

"The Court is of the opinion and takes the position and makes the decision that this case is here for corrective purposes only and for that alone and it

may do and can do and must do only that that it could have done and should have done on September 12, 1961; that it is not within the province of the Court nor would it be the consent of the Court to let the defendant withdraw his plea of guilty to one of the counts. He stands before the Court guilty on both counts. He would not let the defendant diminish his plea nor will we let the State nor the Court permit the State to enlarge. This case was closed, the defendant stood before the Court guilty. We cannot go back of that and open it and let other evidence and testimony come in even as to the Habitual Act. The Court committed an error on September 12, 1961, and it may correct that error and do nothing more and it must stay within those bounds, within those limitations, and accordingly the objection of the defendant to the introduction of testimony and introduction of evidence pertaining to previous convictions is sustained, . . ."

The court then set aside the initial sentences and proceeded to impose a sentence of not to exceed ten years on the assault count (21-431, *supra*) and a sentence of not to exceed thirty years on the kidnapping count (21-450, *supra*), as required by the respective statutes, the sentences to run concurrently. In addition it directed that the time defendant had spent in jail and in the Kansas State Penitentiary, from January 6, 1960, to the date of its order, should be deducted from, and credited to, his sentence.

Thereupon the state perfected the instant appeal under a single specification of error charging that the trial court erred in refusing to allow it to introduce evidence of prior felony convictions of the appellee (Cox) pursuant to 21-107a, *supra*, so that it could request that appellee be sentenced as an habitual criminal.

From the foregoing factual statement it becomes obvious the sole appellate question here involved is whether the state has a right, for the first time, to insist upon the introduction of evidence for the purpose of the imposition of a sentence pursuant to the Habitual Criminal Act (G. S. 1949, 21-107a) when a defendant appears for resentencing more than two years after the original sentence was imposed.

We have no hesitancy in concluding that the all-decisive question just posed must be answered in the negative. Although such question is one of first impression in this state, and the decisions of the courts of other states are not of assistance because of differences in the language of the applicable statutes, we are convinced the provisions of 21-107a, *supra*, foreclose any other conclusion.

The Habitual Criminal Act anticipates but one proceeding at which all evidence will be introduced and but one sentence rendered. It is not anticipated that there will be a trial on the main

issue of guilt and a sentence rendered and then a subsequent trial on the issue of previous convictions and another sentence rendered on that basis. Indicia of this is to be found in the Act itself, the pertinent portion of which reads:

". . . Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

Moreover, our criminal statutes provide that the defendant shall be sentenced immediately after a plea of guilty or a conviction. G. S. 1949, 62-1722, reads:

"In any criminal action in which defendant pleads guilty, or is found guilty by a jury, or by the court if the trial is to the court, if defendant is not then in custody of the sheriff, he shall be taken into custody at once; and unless he announces that he desires to file a motion for a new trial, he shall be sentenced either on that date or at a fixed time within ten days."

If the state desires that prior convictions be considered for the purpose of increasing the sentence under 21-107a, *supra,* the facts to support such sentence must be presented by evidence before sentence is pronounced. The state cannot be permitted to take advantage of a void sentence and reach out—two years after the taking of evidence as to the propriety of the original sentence was closed—and bring in new evidence for the purpose of giving the defendant a larger sentence than that which could have originally been imposed.

The appellant contends that when a defendant has been lawfully convicted of a crime and receives a void sentence the result is the same as if he had never been sentenced at all. In this connection our attention is called to statements made by this court to the effect that where a sentence is void it is not a sentence or judgment and never was such. Cases cited are *In re Howard,* 72 Kan. 273, 83 Pac. 1032; *In re Lester,* 128 Kan. 784, 280 Pac. 758; *Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837; and *Johnson v. Hand,* 189 Kan. 103, 367 P. 2d 70. The rule relied on was specifically announced in *In re Lester,* supra, and the reason therefore stated.

In the Lester case the petitioner argued that because the original sentence was void he should be discharged and that any attempt to correct the sentence would constitute a second jeopardy. In the opinion this court said:

". . . Since the sentence is void, it is not subject to correction as it might have been if it were merely voidable or irregular; but being void, it is

"not a sentence or judgment and never was such. It is exactly the same as if no attempt had ever been made to pronounce a sentence on the verdict. The verdict is valid and the case stands ready for sentence and judgment upon the verdict."

The purpose of the rule announced in Lester, and other cases of like import, was to avoid the claim of double jeopardy. None of the decisions cited and relied on by appellant purport to hold that the state may, for the first time, insist upon the imposition of a sentence pursuant to the Habitual Criminal Act when a defendant appears for resentencing more than two years after his original sentence was imposed—and we know of no decisions in this jurisdiction that do so.

Of a certainty, it cannot be said that the original sentence in the case at bar, although void, furnishes no purpose whatsoever. It does fix the time at which the corrected sentence begins to run. See, e. g., *McCarty v. Hudspeth,* 166 Kan. 476, 480, 201 P. 2d 658; and *Lawton v. Hand,* 183 Kan. 694, 698, 331 P. 2d 886. However, it may be stated that although the original sentence is void the corrected sentence commences to run from the time of the commitment under the void sentence. And added that where time has been served under a void sentence it necessarily results that the amount of time so served must be credited on the corrected sentence.

Appellant vigorously argues that the legal effect of appellee's situation is no different from that of the appellant in *State v. Tague,* 188 Kan. 462, 363 P. 2d 454. We disagree and submit that the situation in Tague was quite different. In that case the state, at the hearing prior to imposition of the initial sentence, introduced evidence of prior convictions under the Habitual Criminal Act. Notwithstanding, the trial judge refused to sentence the defendant as an habitual criminal. We held that under such circumstances sentence under the Habitual Criminal Act was mandatory and that failure to impose it was reversible error. In the case at bar, as we have previously pointed out, there was no attempt whatsoever to introduce evidence as to prior convictions until two years after the conviction for which the appellant has now been resentenced.

Finally, having reviewed the record in the light of what has been heretofore stated and held, we have no difficulty whatsoever in concluding that in this jurisdiction (1) after the time for commitment to prison *under a valid conviction* has become fixed, whether the

sentence imposed is valid or invalid, the state cannot introduce additional evidence for the purpose of increasing the sentence under which the defendant has been committed; and (2) if the sentence is invalid the authority of the trial court, when the defendant appears before it for correction of the sentence and for resentencing, is limited to a corrected sentence which must be based on the identical facts, conditions and circumstances existing at the time of the imposition of the original sentence.

We find nothing in the record or in claims advanced by the state which warrants or permits a reversal of the trial court's order and judgment. Therefore it must be affirmed.

It is so ordered.