No. 44,439

EDGAR FRED WHITEAKER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(413 P. 2d 122)

Opinion filed April 9, 1966.

*Arthur A. Glassman*, of Topeka, argued the cause and was on the brief for the appellant.

*Robert D. Hecht*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Stephen J. Kritikos*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J. This is an appeal from an order denying the motion of appellant for discharge from the Kansas State Penitentiary. The appellant will be referred to as petitioner.

In April 1963 a complaint was filed in Shawnee county charging petitioner with robbery in the first degree (K. S. A. 21-527). The petitioner was confined in the Kansas State Penitentiary pursuant to felony convictions in Kingman and Sedgwick counties.

On April 8, 1964, petitioner filed an application under the Uniform Mandatory Disposition of Detainers Act (K. S. A. 62- 2901 *et seq.*) in the district court of Shawnee county. In the application petitioner stated, *inter alia,* that one Edgar F. Whiteaker had been committed to the Kansas State Penitentiary to a term of "15 and 15 years flat"; that he had served nine months and eleven days on the sentences, leaving a balance of fourteen years, two months and fourteen days still to serve.

Pursuant to his application the petitioner was returned to Shawnee county. On May 15, 1964, petitioner appeared before the district court, with counsel, and entered a plea of guilty to robbery in the first degree. A sentence of not less than fifteen years was imposed under K. S. A. 21-530 and K. S. A. 21-107a. The court further ordered the sentence to run concurrently with sentences petitioner was then serving in the Kansas State Penitentiary.

On February 24, 1965, the petitioner filed, *pro se* a hand written petition for a writ of habeas corpus in the sentencing court. The petition was considered by the district court as a motion attacking sentence pursuant to K. S. A. 60-1507. The court examined the petition and the files and records of the case in which petitioner was convicted.

On April 8, 1965, the district court made findings and conclusions of law and entered an order denying the motion of petitioner. The district court found the motion of petitioner and the files and records of the conviction conclusively showed that petitioner was not entitled to relief.

On May 4, 1965, on motion of petitioner, present counsel was appointed by the district court and this appeal was duly perfected.

On oral argument before this court it was brought out that petitioner was presently serving two unexpired sentences other than the sentence under attack in this proceeding. Upon questioning by the court it was conceded by defendant's counsel that such was the case. This circumstance was indicated in petitioner's application under the Uniform Mandatory Disposition of Detainers Act and also in the findings of the district court as set out in the record on appeal. In its findings of fact filed in this proceeding the district court sets out the colloquy on allocution between the court, the county attorney, Mr. Brown, the petitioner and his counsel, Mr. Manzanares, a part of which is quoted here:

"MR. BROWN: Did you want to tell the Court about the previous felonies?

"MR. WHITEAKER: Yes, sir. I was convicted of robbery—armed robbery in Sedgwick county, armed robbery in Kingman county, armed robbery Garvin county, Oklahoma, and armed robbery Dallas City, Texas.

"THE COURT: You have four previous felony convictions?

"MR. WHITEAKER: Yes, sir.

"MR. BROWN: And we have no objection, Your Honor, to imposition of the Habitual Criminal Act.

"MR. MANZANARES: To run concurrently.

"MR. BROWN: To run concurrently with the rest of the sentences he is now serving.

"MR. WHITEAKER: If I may have permission, I would like to add I am presently serving 50 years in Oklahoma, I have a detainer on me for that amount of time; presently serving 55 years in the State of Texas for which I have a detainer on me at this time so the Court can see at my age I have not too much opportunity."

After the information regarding other sentences was developed on oral argument, counsel for appellee directed an oral motion to this court that the appeal be dismissed on the grounds that even

though petitioner were successful in this proceeding he would still be confined under the other sentences.

The identical situation was before this court in the recent case of *King v. State*, 195 Kan. 736, 408 P. 2d 599, where, after quoting applicable provisions of K. S. A. 60-1507 and Rule No. 121 of this court, adopted October 16, 1964, set out in 194 Kan. xxvii, this court said:

"The foregoing language is plain and explicit. We believe it requires neither clarification nor interpretation. The express terms of the rule preclude the petitioner from maintaining this action at this time. No matter what our conclusion might be on the merits of the contentions advanced by petitioner in his motion, he would not be released from prison, for he still would be confined under other sentences whose validity is not involved in this case." (pp. 737, 738.)

In the King case (opinion filed December 11, 1965) the background and applicability of the rule in both Kansas and federal jurisdictions were thoroughly discussed. We adhere to the rule so recently announced in the King opinion. Repetition at this early date would serve no useful purpose.

We affirm the judgment of the lower court denying petitioner's motion and remand this case with directions to dismiss the same.