No. 44,293

VERNON J. BRIDGES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(421 P. 2d 45)

Opinion filed December 10, 1966.

*Basil C. Marhofer,* of Ness City, argued the cause and was on the briefs for the appellant.

*Tom Smyth,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in a proceeding under the provisions of K. S. A. 60-1507 brought for the purpose of having a sentence corrected.

On March 2, 1961, the appellant was bound over to the district court for trial by the county court of Ness County on two separate charges—one for larceny of an automobile and the other for escape from the Ness County jail. On May 3, 1961, he was brought before the district court in response to the information filed against him covering the two charges. An attorney was appointed to represent him, and the state announced that it intended to ask for punishment and sentence under the habitual criminal act, K. S. A. 21-107a and 21-109, in the event of a plea of guilty or a conviction.

After consulting with his court appointed attorney the appellant entered his plea of guilty to both charges. On May 4, 1961, the state introduced certified copies of journal entries showing previous convictions of two felonies in the district court of Reno County— one for the theft of an automobile and the other for breaking prison. The appellant was then sentenced in each of the Ness County cases to not less than fifteen years and no more than thirty years as an habitual criminal.

On June 29, 1964, appellant filed his petition challenging the validity of the sentences under the habitual criminal act in the two Ness County cases. An attorney was appointed to represent him. On October 6, 1964, the district court concluded that the sentences were—

". . . in violation of the habitual criminal statutes of the State of Kansas, being G. S. 1949, [K. S. A.] 21-107a and 21-109, and that the judgments in those cases should be set aside and the petitioner be brought before the District Court of Ness County, Kansas, and resentenced according to law."

The record does not disclose the basis for the conclusion that the sentences were in violation of the habitual criminal act. We must assume it involved the conviction for breaking prison in the district court of Reno County.

The appellant was brought before the district court of Ness County for resentencing on December 1, 1964. The state again announced—

". . . the state notifies the defendant and his counsel in open court that the state intends to ask for punishment and sentence of the defendant under G. S. 1949, [K. S. A.] 21-107a and 21-109 and in support thereof will offer evidence of previous felony convictions of said defendant."

The state then introduced evidence of a previous conviction of a felony in the district court of Russell County, Kansas and reintroduced the previous conviction of theft of an automobile in the district court of Reno County, Kansas. The district court of Ness County proceeded to resentence the appellant on the charge for larceny of an automobile and the charge for escaping jail, each for a term of not less than fifteen years or more than thirty years, the sentences to run concurrently.

The appellant's motion for a rehearing was denied, hence this appeal.

The appellant contends that it was error for the trial court to admit new evidence of a previous conviction (conviction in the district court of Russell County) for the purpose of resentencing under the habitual criminal act, and that it was error to readmit the conviction in the district court of Reno County for the same purpose.

The state contends that where the original sentences were void new evidence of previous crimes may be introduced for the purpose of applying the habitual criminal act, and if not, the appellant should have been sentenced for a second conviction under K. S. A. 21-107a based on the previous valid conviction in the district court of Reno County.

We have no hesitancy in concluding, under the rules announced in the previous decisions of this court, that the appellant was for the second time erroneously sentenced under the habitual criminal act.

In this jurisdiction a void sentence may be changed to a valid one and an erroneous or irregular sentence is considered the same as a void sentence for the purpose of correction by the substitution of a new and valid sentence. (*Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837.) However, the district court, in a proceeding to correct a void sentence which has been partially served, has no authority to receive additional evidence upon which to base a new sentence. When the defendant appears before the court for resentencing the authority of the trial court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence. In *State v. Cox,* 194 Kan. 120, 397 P. 2d 406, we stated beginning at the bottom of page 124:

"Finally, having reviewed the record in the light of what has been heretofore stated and held, we have no difficulty whatsoever in concluding that in this jurisdiction (1) after the time for commitment to prison *under a valid conviction* has become fixed, whether the sentence imposed is valid or invalid, the state cannot introduce additional evidence for the purpose of increasing the sentence under which the defendant has been committed; and (2) if the sentence is invalid the authority of the trial court, when the defendant appears before it for correction of the sentence and for resentencing, is limited to a corrected sentence which must be based on the identical facts, conditions and circumstances existing at the time of the imposition of the original sentence."

It necessarily results that the trial court erroneously received evidence of the previous conviction in the district court of Russell County when defendant appeared before it for correction of the sentence and the defendant was erroneously sentenced for a third felony conviction under the provisions of K. S. A. 21-107a.

We see no merit to appellant's suggestion that the previous conviction in the district court of Reno County for theft of an automobile could not be considered by the trial court on resentencing. Evidence of that conviction was before the district court on the original sentencing. It was not necessary that the evidence again be submitted to the trial court. It was already before it. As was stated in *State v. Cox,* supra, the court could consider the facts, conditions and circumstances existing at the time of the original sentence.

The evidence of the prior conviction in the district court of Reno County, which was before the trial court at the time of the original

sentence, is sufficient to support a sentence under that part of K. S. A. 21-107a which provides:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction. . . ."

The judgment is reversed and the trial court is directed to recall the appellant for resentencing in accordance with the views expressed in this opinion.

APPROVED BY THE COURT.