No. 44,450

DONALD EUGENE DAVIS, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(424 P. 2d 471)

Opinion filed March 4, 1967.

*Jack L. Goodrich*, of Parsons, argued the cause and was on the brief for the appellant.

*Rex Lawhorn*, County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner in a proceeding instituted pursuant to K. S. A. 60-1507, wherein the trial court

The controlling question is whether the petitioner is entitled to maintain this action under the provisions of 60-1507, *supra.*

The petitioner was originally charged jointly with another on the 26th day of July, 1952, with grand larceny of an automobile alleged to have been committed on the 21st day of July, 1952. Preliminary hearing was waived and he was bound over for trial to the district court where an information was filed.

On the 5th day of September, 1952, the petitioner was brought before the district court of Labette County, Kansas, without an attorney and was informed of the nature of the charges against him, and that the penalty for the charge was confinement of not less than five years nor more than fifteen years in the state penitentiary. After being informed of his right to counsel, the petitioner signed a written waiver of appointment of counsel in open court. He was then arraigned and entered a plea of guilty.

Upon inquiry by the court the petitioner stated he had been in trouble before—"breaking and entering." The state introduced evidence that the petitioner had been sentenced to the Southern State

Prison at Jackson, Michigan, on the 1st day of February, 1945, for breaking and entering in the nighttime.

By reason of this prior felony conviction the petitioner was sentenced under G. S. 1949, 21-534 and 21-107a for a period of not less than ten and not exceeding thirty years to the state penitentiary at Lansing, Kansas, and committed.

On the 19th day of May, 1964, the petitioner filed his motion to vacate the judgment and sentence pursuant to 60-1507, *supra*. In his motion he alleged as grounds for relief, among other things, (1) that the trial court was without jurisdiction to impose such sentence; and (2) that the sentence was in excess of the maximum authorized by law.

The record of the criminal proceeding discloses that at no time did the trial court find, after the petitioner had waived his right to counsel, that the appointment of counsel would not be to the advantage of the accused.

Under these circumstances it has been held the record is insufficient to show that the trial court had jurisdiction to accept a plea of guilty and a judgment of conviction based upon such record is void. (*Chance v. State*, 198 Kan. 16, 422 P. 2d 868.)

Counsel for the respective parties conceded that the prior felony conviction in the state of Michigan, asserted at the trial in the criminal proceedings as the basis for invoking the habitual criminal act by the district court of Labette County, was vacated on the 4th day of March, 1964, by the Michigan Supreme Court on the ground that the petitioner, when arraigned before the Michigan court, was seventeen years of age and not represented by counsel.

The trial court in this 1507 proceeding, upon being advised that the prior Michigan felony conviction had been vacated, overruled the petitioner's motion on the ground it had considered only one prior felony conviction, and it appeared from the record the petitioner at the time of sentencing had two prior felony convictions.

The record of the criminal proceeding in Labette County does not disclose that evidence of two prior felony convictions was introduced. Under these circumstances the trial court is without power to resentence the petitioner using another prior felony conviction as the basis for invoking the habitual criminal act.

This question was specifically before the court in *Bridges v. State*, 197 Kan. 704, 421 P. 2d 45, where the trial court attempted to resentence the petitioner after vacating an invalid sentence imposed

under the habitual criminal act based upon two prior felony convictions in Reno County, Kansas. Upon resentencing the state introduced evidence of a previous felony conviction in the district court of Russell County, Kansas, and reintroduced one of the previous convictions in the district court of Reno County. On the basis of these two prior felony convictions the district court then resentenced the appellant as an habitual for a third felony conviction. On appeal it was held:

"In this jurisdiction a void sentence may be changed to a valid one and an erroneous or irregular sentence is considered the same as a void sentence for the purpose of correction by the substitution of a new and valid sentence. (*Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837.) However, the district court, in a proceeding to correct a void sentence which has been partially served, has no authority to receive additional evidence upon which to base a new sentence. When the defendant appears before the court for resentencing the authority of the trial court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence. . . .

. . . . . . . . . . . . .

"It necessarily results that the trial court erroneously received evidence of the previous conviction in the district court of Russell County when defendant appeared before it for correction of the sentence and the defendant was erroneously sentenced for a third felony conviction under the provisions of K. S. A. 21-107a." (p. 706.)

In the *Bridges* opinion the court quoted from *State v. Cox,* 194 Kan. 120, 397 P. 2d 406, which held to like effect.

Since the appeal to the Supreme Court in the instant case by the petitioner, counsel for the respective parties have learned, and stipulate, that while the petitioner was serving his sentence at Lansing on the Labette County conviction, he was charged and pleaded guilty on the 15th day of November, 1954, to the crimes of murder in the first degree and attempting to escape from the penitentiary at Lansing, pursuant to which he was sentenced to confinement and hard labor for life on the murder charge, and to not more than five years on the charge of attempting to escape, the sentences to run consecutively. The petitioner is presently serving the life sentence.

Under these circumstances it has been held that a prisoner is not entitled to challenge the validity of a sentence by a motion filed pursuant to K. S. A. 60-1507, where, despite an adjudication finding the sentence void, he would still be confined under another sentence. (*King v. State,* 195 Kan. 736, 408 P. 2d 599; *Whiteaker v.*

*State,* 196 Kan. 583, 413 P. 2d 122; *Lee v. State,* 197 Kan. 371, 416 P. 2d 285; *Jackson v. State,* 197 Kan. 627, 419 P. 2d 937; and Supreme Court Rule No. 121[*c*], 194 Kan. xxvii.)

This point was fully discussed in *King v. State,* supra, and requires no further elaboration.

In view of what has heretofore been said in this opinion, we conclude this action was improvidently brought and should be dismissed. Accordingly, the judgment of the trial court denying the petitioner's motion is affirmed and the case is remanded with directions to dismiss the action.