No. 44,800

BENNY AEBY, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(427 P. 2d 453)

Opinion filed May 13, 1967.

*Clarence Bender,* of Hays, argued the cause and was on the brief for the appellant.

*Steven P. Flood,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Don C. Staab,* former county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This postconviction proceeding involves legality of the sentences imposed on appellant. When the case was here upon direct appeal (*State v. Aeby,* 191 Kan. 333, 381 P. 2d 356) the particular questions now at issue were not presented or raised.

Upon jury trial appellant was convicted on two counts (counts one and three) of burglary in the third degree and on one count (count two) of petty larceny.

For these offenses, he was on February 14, 1962, given four separate sentences, as follows: (1) On count one confinement in the state penitentiary for not less than one year nor more than five years; (2) on count two confinement for one year in the Ellis county jail, the sentence to run concurrently with that imposed on count one; (3) on count three confinement in the penitentiary for not less than one year nor more than five years, this sentence to run consecutively to the sentence imposed on count one; and (4) confinement in the penitentiary "for a period of not less than fifteen (15) years nor more than twenty-five (25) years under and by virtue of the Habitual Criminal Act, being G. S. 1949, 21-107a, said sentence to run consecutive with the sentence imposed under Count One and Count Three of the Information. . . ."

On November 12, 1964, appellant, through his then counsel, filed in the trial court his motion stating he "respectfully requests the court for a Nunc Pro Tunc Order correcting the sentence heretofore imposed upon the defendant." Attached to this motion was a written brief assailing the "tacking on" of the fourth sentence under the habitual criminal act as a double and void sentence.

On January 11, 1965, the defendant-appellant not being present either in person or by attorney, the trial court acted on the foregoing motion, entering that which is entitled "ORDER NUNC PRO TUNC." This order recited the conviction and previous sentencing as heretofore set forth and then stated:

"The court further finds, that Nunc Pro Tunc order is necessary; that on February 14, 1962, in connection with the defendant's conviction under Count 3 of the Information; being burglary in the third degree in violation of G. S. 21-521, the court imposed sentence under Section 21-107a, commonly known as the Habitual Criminal Act of not more than 25 years and not less than 15 years

to run consecutive to the sentences imposed for convictions under Counts 1 and 2 of the Information. The court further finds, with reference to the conviction under Count No. 3, that the court incorrectly included an additional sentence of not more than 5 years nor less than 1 year under G. S. 21-523, also to run consecutive to the sentences imposed under Counts 1 and 2 of the Information. The court finds that the incorrect addition to the sentence under G. S. 21-523 for conviction under Count 3 of the Information should be deleted by Nunc Pro Tunc Order.

"The court finds that the proper sentence is as follows, and so orders by Nunc Pro Tunc order the correction of the sentence heretofore entered on the 5th day of February, 1962:

" 'THEREFORE, IT IS BY THE COURT CONSIDERED, ORDERED, ADJUDGED, and DECREED, THAT THE DEFENDANT, Benny Aeby, be taken hence to the County Jail, Ellis County, Kansas, and thence to the Kansas State Penitentiary at Lansing, Kansas, where he shall be confined for a period of not less than one (1) year nor more than five (5) years on Count One of the Information, said penalty being imposed under G. S. 1949, 21-521 and 21-523, for the offense of burglary in the third degree; for a period of one (1) year in the Ellis County Jail on Count Two of the Information, said sentence being imposed under G. S., 1949, 21-535, being petty larceny, said sentence to run concurrently with the sentence imposed under Count One of the Information; on Count Three of the Information, for a period of not less than fifteen (15) years nor more than twenty-five (25) years under and by virtue of the Habitual Criminal Act, being G. S. 1949, 21-107a, said sentence to run consecutive with the sentence imposed under Count One and Count Two of the Information and further that defendant pay the costs herein, all sentences for conviction under Counts One, Two and Three of the Information being entered as provided by law.' "

On July 19, 1965, appellant filed the following:

"MOTION TO VACATE JUDGMENT AND SENTENCE

"Comes now the defendant, Benny Aeby, by and through his attorney, Anthony R. Russo, and respectfully requests the court to vacate and set aside or correct the sentence heretofore imposed upon the defendant on January 11, 1965, pursuant to Section 60-1507 of the General Statutes of Kansas."

On October 18, 1965, this motion was overruled. Appeal has been duly perfected from this action, with present counsel appointed to represent appellant.

Appellant makes these contentions: The original judgment of February 14, 1962, consisted of three valid sentences—the one to five year sentences on the two burglary counts and the one year sentence for petty larceny—and a void sentence, the fourth one purportedly imposed for the offense of being an habitual criminal; the trial court had no power through the guise of acting *nunc pro tunc* to alter or change the valid sentences nor particularly to increase the initial sentence on count three to the fifteen to twenty-five

year sentence; that the court's power was limited to eliminating the initial void fourth sentence of fifteen to twenty-five years and letting stand the other three sentences, the only sentences under which appellant can now be held.

We agree with appellant's contention that the fourth sentence in the original judgment—the fifteen to twenty-five year sentence for being an habitual criminal—was void.

Our habitual criminal act (now K. S. A. 21-107a) does not create a new or separate offense based on the commission of more than one felony. It merely provides for imposition of an increased sentence for every person convicted a second and third time of any felony (*State v. Ricks,* 173 Kan. 660, 250 P. 2d 773; *State v. Messmore,* 175 Kan. 354, 264 P. 2d 911; *State v. Duree,* 186 Kan. 783, 352 P. 2d 957). The increased punishment for a second and third conviction of a felony, provided by the habitual criminal law, is imposed as a disciplinary measure for those whom previous conviction and punishment have failed to reform (*State v. Ricks,* supra).

We do not agree with appellant's contention that the other two sentences in the original judgment were valid.

When a defendant is convicted of a felony and it is shown to the court he has been previously convicted of one or more felonies, application of the habitual criminal act is mandatory (*State v. Tague,* 188 Kan. 462, 363 P. 2d 454; *State v. Ricks,* supra; *Johnson v. Crouse,* 224 F. Supp. 864, affirmed 332 F. 2d 417, cert. den. 379 U. S. 866, 13 L. Ed. 2d 69, 85 S. Ct. 135). Hence the court erred in not applying the habitual criminal act in sentencing upon each of the burglary counts, and the sentences imposed were invalid.

We come now to the purported correction of January 11, 1965, via *nunc pro tunc.*

The record does not reveal, nor does the state contend, that appellant was actually sentenced on February 14, 1962, in accordance with that which is reflected in the proceeding of January 11, 1965. In other words, the initial journal entry of judgment of the proceedings on February 14, 1962, accurately reflected the judgment and sentence rendered by the court at that time.

The correction of an erroneous or invalid sentence is to be distinguished from the correction of merely formal or clerical errors, omissions or mistakes in entries concerning matters of procedure which are generally correctable by *nunc pro tunc* orders (*Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837). The function of an order

*nunc pro tunc* is to correct the record of a judgment by entering now for then an order previously made and not to make an order now for then (*Hinshaw v. Hinshaw*, 166 Kan. 481, 203 P. 2d 201). Its function is not to alter a judgment actually rendered but merely to correct the record of a judgment improperly recorded (*Bush v. Bush*, 158 Kan. 760, 150 P. 2d 168).

Hence the judgment of January 11, 1965, was not properly a *nunc pro tunc* proceeding correcting the record of old sentences wherein appellant's personal presence was not required, but was in reality pronouncement of new sentences. Under such circumstances appellant should have been personally present. Since he was not, the sentences are void. In *Roberts v. State*, 197 Kan. 687, 421 P. 2d 48, involving a similar factual situation, this court construed K. S. A. 62-1507 relating to personal presence of a defendant and said:

"In a criminal prosecution where an erroneous original sentence of imprisonment has been vacated and set aside, a new sentence of imprisonment imposed in the defendant's absence is void, for, under such circumstances, it is mandatory that the defendant be personally present in court at the time of resentencing." (Syl. ¶ 3.)

Return of appellant for further resentencing is the proper procedure. In this state a void sentence may be corrected by the substitution of a new and valid sentence, and to accomplish such purpose, a prisoner shall be remanded to the district court for further proceedings (*Roberts v. State*, supra; *Bridges v. State*, 197 Kan. 704, 421 P. 2d 45).

In recording the new sentences the following proviso contained in the second paragraph of K. S. A. 62-1516 should be complied with:

"If the sentence is increased because defendant previously has been convicted of crime the record shall contain a statement of each of such previous! convictions, showing the date, in what court, of what offense and whether the same was a felony or a misdemeanor; also, a brief statement of the evidence relied upon by the court in finding such previous convictions and the facts pertaining thereto. Defendant shall not be required to furnish such evidence."

New sentences imposed should run from the date of appellant's original commitment under the invalid sentences so that he is credited with the time already served (*State v. Cox*, 194 Kan. 120, 397 P. 2d 406; *State v. Felton*, 194 Kan. 501, 399 P. 2d 817).

The judgment is reversed and the district court is directed to recall the appellant for resentencing in accordance with the views expressed in this opinion.

APPROVED BY THE COURT.