No. 44,831

State of Kansas, *Appellee,* v. George A. Fountaine, *Appellant.*

(430 P. 2d 235)

Opinion filed July 12, 1967.

*Maurice P. O'Keefe, Jr.,* of Atchison, argued the cause and was on the brief for the appellant.

*Richard H. Seaton,* Assistant Attorney General, argued the cause, and *Robert*

C. *Londerholm,* Attorney General, and *William E. Stillings,* Special Counsel, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J: This is an appeal by the defendant, George A. Fountaine, from two sentences imposed against him on June 10, 1966. The case appears before this court for the third time and a brief history is essential to an understanding of the issues which are involved. In this opinion we will refer to the appellant as the defendant or Fountaine and to appellee as the state.

The defendant originally pleaded guilty to charges of second degree burglary and larceny on April 27, 1960. Evidence of two prior convictions was introduced prior to sentence and Fountaine was sentenced as an habitual criminal to confinement in the state penitentiary for a term of thirty years. The defendant appealed *pro se* from this sentence. This court in *State v. Fountaine,* 188 Kan. 190, 360 P. 2d 1119, upheld the sentence as being in compliance with applicable statutes. (See K. S. A. 21-107a and 21-109.)

In October, 1964, the defendant filed a motion praying for the recall of our mandate and for reinstatement of his appeal, the ground of his motion being that he was not furnished counsel on appeal. The defendant's motion was sustained in light of *Douglas v. California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 and the appeal was reinstated. Appellate counsel was then appointed to assist Fountaine.

In the second appeal, *State v. Fountaine,* 196 Kan. 638, 414 P. 2d 75, we held that the evidence of one of the two prior convictions offered by the state in invoking the provisions of the Habitual Criminal Act (K. S. A. 21-107a) had been erroneously admitted. The basis for our conclusion was that an adjudication of delinquency against a juvenile offender, pursuant to the Federal Juvenile Delinquency Act, was not a conviction of felony within the meaning of our Habitual Criminal Act and could not be used for the purpose of imposing increased punishment. We thereupon remanded the case to the court below, directing that the sentence be vacated and that defendant be resentenced.

On June 7, 1966, after the second Fountaine opinion was handed down, the state served notice on the defendant and his counsel that it intended to invoke the provisions of K. S. A. 21-107a by introducing evidence of one prior conviction. Thereafter, on June 10,

1966, Fountaine appeared in court with appointed counsel where his prior sentence was vacated. The state then introduced, and the court admitted, evidence of one prior conviction, described in the state's motion. The court thereupon sentenced the defendant to a term of not less than ten nor more than twenty years for burglary in the second degree, and to a term of not to exceed ten years for larceny, the sentence for larceny to run consecutive to and not concurrently with the burglary sentence.

After sentence had been pronounced the court stated that it intended the sentence to relate back to April 27, 1960 (the date of the original sentence). Later, on September 28, 1966, the court entered an order *nunc pro tunc* crediting the defendant with all time served under the sentence of April 27, 1960.

In the present appeal the defendant launches a three-pronged attack upon the sentences of June 10, 1966. We shall consider all three points, although not necessarily in the order in which they appear in defendant's brief.

We are aware of the fact that some six years had intervened between the time Fountaine was first sentenced and the date on which his first sentence was set aside and he was resentenced. However, that fact alone would not, as Fountaine insists, vitiate the later sentences or deprive the court of authority to pronounce them. The first sentence was held by us to be invalid, in proceedings initiated by the defendant, and the trial court was required to impose a legal sentence upon the defendant.

The rule is well settled in this jurisdiction that an invalid sentence may be changed to a new and valid sentence even though the illegal sentence may have been partially executed. (*State v. O'Keith*, 136 Kan. 283, 15 P. 2d 443; *State v. Looney*, 181 Kan. 402, 312 P. 2d 212; *Richardson v. Hand*, 182 Kan. 326, 320 P. 2d 837; *Bridges v. State*, 197 Kan. 704, 421 P. 2d 45; *Chambers v. State*, 199 Kan. 483, 430 P. 2d 241.)

In this respect Kansas follows the decided weight of authority in this country. (21 Am. Jur. 2d, Criminal Law, §572, p. 539; 24 C. J. S., Criminal Law, §1589b, pp. 603-607; Anno. 168 A. L. R. 706, 719.) In *Powell v. Commonwealth*, 182 Va. 327, 28 S. E. 2d 687, the court said:

"The authorities are unanimous in the view that a court may impose a valid sentence in substitution for one that is void, even though the execution of the void sentence has commenced." (p. 340.)

The rule has been applied in cases where both the original sentence and the substituted or corrected sentence have been imposed under recidivist statutes. (See *State v. Nelson,* 160 Fla. 744, 36 So. 2d 427; *People v. Waterman,* 200 N. Y. S. 2d 103, 11 A. D. 2d 622.)

The defendant also questions the trial court's authority to resentence him as a second offender under the Habitual Criminal Act. His argument in this regard is that the state could not for the first time, on resentencing, introduce evidence of a prior conviction to enhance the sentence. The fallacy in this argument lies in the fact that the state had introduced evidence of the identical previous conviction at the time of Fountaine's original sentence. Since this evidence was before the court when Fountaine was first sentenced, it could properly be considered when he was resentenced. (*Bridges v. State,* supra, pp. 706-707.)

The recent case of *State v. Cox,* 194 Kan. 120, 397 P. 2d 406, cited by the defendant, does not support his position. In that case, Cox was not sentenced originally as an habitual criminal and no evidence of previous convictions was introduced prior to the first sentence. Under those particular circumstances we said:

". . . after the time for commitment to prison *under a valid conviction* has become fixed, whether the sentence imposed is valid or invalid, the state cannot introduce additional evidence for the purpose of increasing the sentence under which the defendant has been committed . . ." (pp. 124-125.)

We said also in *Cox* that where an original sentence is invalid the court, on resentencing, is limited, when imposing the correct sentence, to the same facts, conditions and circumstances which existed when the first sentence was pronounced. Since the prior conviction which the court considered in resentencing Fountaine was also in evidence at the time the original sentence was imposed, it is manifest that the *Cox* decision is not applicable here.

But the defendant maintains that evidence of the previous conviction was not properly before the court when he was originally sentenced. Fountaine predicates this claim on the contention that he had not been given prior notice of the state's intention to invoke the provisions of the Habitual Criminal Act.

This contention is not new so far as the defendant is concerned. The identical issue was raised by him in his second appeal where it was considered by this court and rejected. (See *State v. Fountaine,* 196 Kan. 638, 640, 414 P. 2d 75.) Accordingly, this particular question has been resolved and is not subject to reconsideration in

this appeal. Our rule is that when a subsequent appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal and reconsideration will not be given to such questions. (*Waddell v. Woods*, 160 Kan. 481, 163 P. 2d 348, *Stanolind Oil & Gas Co. v. Cities Service Gas Co.*, 181 Kan. 526, 313 P. 2d 279; *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267.)

The point upon which the defendant places the greatest emphasis in this appeal is that a court, upon resentence, cannot impose a penalty greater than that originally imposed. As we have mentioned previously, the defendant was originally sentenced to thirty years (which in practical effect would be the equivalent of two concurrent sentences of that length), while on resentencing he was given ten to twenty years on the burglary charge, and one to ten on the larceny charge, the latter sentence to run consecutive to the first.

To a person unfamiliar with the operation of penal institutions, including the rules and regulations which govern the actual time served on penal sentences, the penalty pronounced against Fountaine on resentence would seem equal, in length of time, to that imposed originally. But the defendant points out that under the regulations of the Board of Probation and Parole of the State of Kansas the time he will actually have to serve to be eligible for conditional release under the new sentences is some six months longer than that required for eligibility for conditional release under the thirty year original sentence. This is conceded by the state, and is borne out by the Board's regulations of July 1, 1966.

We think it unnecessary to decide whether the sentences last imposed were, in fact, greater than the original sentence. Assuming, for the purpose of argument, that the defendant is correct in his assertion that the consecutive sentences imposed on June 10, 1966, exceed in extent of punishment, the thirty year sentence pronounced originally, we nonetheless believe no error was committed in that regard.

Both sentences imposed on resentencing were authorized by law. Mr. Fountaine was a second felony offender or, in criminal parlance, a "two-time loser." The Habitual Criminal Statute therefore required that he be punished by doubling the statutory punishment provided for a first conviction. (*Childs v. Amrine*, 155 Kan. 383, 125 P. 2d 349; *Elliott v. Evans*, 162 Kan. 447, 177 P. 2d 211.) This, the trial court did by doubling the statutory penalty for second degree burglary of not less than five nor more than ten years,

(21-523) and by doubling the statutory penalty for larceny of not to exceed five years. (21-524.)

True, the two sentences were adjudged to run consecutively, whereas the original sentence was thirty years. It may not be said, however, that the court exceeded its statutory authority in ordering the sentences to be served consecutively. K. S. A. 62-1512 provides that where a person is convicted of two or more offenses charged in the same information, the sentencing judge shall prescribe whether they are to be served concurrently or consecutively. (See *McCarty v. Hudspeth*, 166 Kan. 476, 201 P. 2d 658.)

We believe the rule generally to be that where an original sentence is invalid a legal sentence may be imposed in substitution therefor, even though the latter sentence enlarges the punishment, so long as the substituted sentence does not exceed the maximum sentence allowed by law for the offense of which the defendant was convicted. In *King v. United States*, 98 F. 2d 291, 295, the court said:

"We think the law remains as the Murphy case [*Murphy v. Massachusetts*, 177 U. S. 155, 44 L. Ed. 711, 20 S. Ct. 639] established it that when a void, or merely voidable, sentence has been vacated as the result of the prisoner's own demands, he cannot complain if his second sentence increases his punishment."

To like effect is *United States v. Howell*, 103 F. Supp. 714 where it was said:

"Even if the sentence had been increased, the law is settled that this may be done, on the theory that a void sentence in contemplation of law is non-existent." (p. 718.)

See, also, *Mathes v. United States*, 254 F. 2d 938; *United States v. Bozza*, 155 F. 2d 592, aff'd 330 U. S. 160, 91 L. Ed. 818, 67 S. Ct. 645; *Tilghman v. Culver*, Fla., 99 So. 2d 282, cert. den., 356 U. S. 953, 2 L. Ed. 2d 845, 78 S. Ct. 918; *Boner v. Boles, Warden*, 148 W. Va. 802, 137 S. E. 2d 418.

A qualification of the rule is generally recognized by recent authorities. Where an invalid sentence is set aside and a legal sentence is imposed, a prisoner is entitled to be credited with the time he has already served on the void sentence. We find the modern view stated in 5 Wharton's Criminal Law and Procedure, §2216, p. 433:

"By what appears to be the modern view, one who has served in prison under a sentence is entitled to have time so served credited when, because the original sentence was invalid, it is necessary that he be resentenced."

See, also, Anno. 35 A. L. R. 2d 1283, pp. 1288-1291.

Our court has recognized the foregoing qualification to the rule as far back as *In re Lester*, 128 Kan. 784, 280 Pac. 758, where, in ordering that a valid sentence be pronounced in lieu of one which was void, the court directed that full credit be given the prisoner for all time served under the void sentence. In a case of more recent vintage, *McCarty v. Hudspeth*, supra, we held that two prior convictions used by the court in imposing two life sentences under the Habitual Criminal Act were void and, in returning the case for resentencing, we said that whatever the new sentences might be, the first one should be deemed to have commenced to run as of the date the prisoner was first committed to the penitentiary.

The credit to be accorded on the new and valid sentence should include, in our judgment, whatever good time and incentive credits may have been earned by the prisoner while serving the invalid sentence. In *Little v. Wainwright*, Fla., 161 So. 2d 213, the Florida Supreme Court said:

". . . It is possible for the trial judge on resentencing to impose a greater sentence than he imposed before, *State ex. rel. Rhoden v. Chapman*, 127 Fla. 9, 172 So. 56, providing the total of the term on resentencing plus the prior time served (with gain time awarded) does not exceed the maximum allowed by statute. *Tilghman v. Culver*, 99 So. 2d 282, Fla. 1957, and cited cases. . . . " (p. 214-215.)

See, also, *Short v. United States*, 344 F. 2d 550; *Lewis v. Commonwealth*, 329 Mass. 445, 108 N. E. 2d 922, 35 A. L. R. 2d 1277.

The reason for crediting good time and incentive credits already earned upon the new sentence is obvious. Were it otherwise a defendant might well find himself penalized for a judicial error for which he was in nowise responsible. In an article appearing in 25 Montana Law Review, "Time Served Under A Reversed Sentence," the author, Burton C. Agata, says:

"The result [of resentencing where the original sentence has been found invalid] should be that the defendant will serve no more than he would have served in the absence of error and if a minimum term is involved, he would be eligible to be considered for release no later than he would have been in the absence of error." (pp. 27-28.)

We believe it perfectly clear that the trial court intended in this case that the defendant lose neither time already served nor good time and incentive credits already earned under the original sentence. We believe, also, that practical effect was given to that stated intention by the court's order of September 28, 1966, crediting Fountaine with all the time served under the original sentence. This

order, in our judgment, includes not only the days actually served on the void sentence but the good time and incentive credits which had accrued, as well.

So far as parole eligibility is concerned, the defendant is far better off under the new or substituted sentences than under the old one. Under regulations promulgated by the Board of Probation and Parole relating to parole eligibility, the defendant would never have been eligible for parole under the flat sentence of thirty years, but he will be entitled to such consideration within something less than a year after he has served his first sentence less good time and incentive credits earned (a matter, according to the Board's regulations, of some ten years and six months). Thus it appears to us that Mr. Fountaine is in just as advantageous a position now as he would have been had the void sentence never intervened.

We do not wish to be understood as saying that a court would be justified, in every instance, in imposing an increased penalty after an invalid sentence had been vacated. Enhanced punishment imposed, for example, out of pique, resentment, or other unworthy motive, could hardly be tolerated. But in the present case no improper motive may be attributed to the court. At the time of the original sentence, the court said it had chosen not to give life imprisonment but to double the maximum penalty for burglary and larceny—the crimes for which Fountaine had been convicted a second time. It is logical to assume that the court's view of an appropriate sentence had undergone no change. We see no abuse of discretion on its part.

Under somewhat similar circumstances, where the sentencing court had adjudged an erroneous sentence, the Supreme Court of Oregon, in *State v. Froembling*, 237 Or. 616, 391 P. 2d 390, had this to say:

"Here the error in the original proceeding consisted of imposing the wrong sentence for the crime charged. When that is the case the trial judge must change the sentence to correct the error and he must exercise his discretion anew in arriving at what he considers an appropriate sentence. He is entitled to fix the new sentence within the maximum allowable under the applicable statute so that it will most appropriately fit the circumstances of the case as he sees them. . . ." (p. 619.)

None of the cases cited by defendant to sustain his argument that the present sentences are invalid can be said to be in point. Each case cited deals with a situation where the original sentence was valid, not invalid.

Particular reliance is placed on *Veronee v. State,* 193 Kan. 681, 396 P. 2d 360. In that case the court initially imposed two sentences to run concurrently. While awaiting transfer to the Kansas State Industrial Reformatory, the defendant escaped from jail. After his capture, the court modified its previous action by ordering that the sentences run consecutively. In reversing, we held that the original concurrent sentences were valid and the court was not empowered to modify those sentences under what is now K. S. A. 62-2239, by increasing them.

We discern no error in the judgment of the court below and the same is affirmed.