No. 45,833

State of Kansas, *Appellee, v.* George William Daegele, *Appellant.*

(479 P. 2d 891)

Opinion filed January 23, 1971.

*John W. Brand, Jr.,* of Lawrence, argued the cause and was on the brief for the appellant.

*Daniel A. Young,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *John Mike Elwell,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This case is now here for the third time. A brief chronicle of its odyssey through the courts is advisable.

On January 2, 1962, the defendant, George William Daegele, appeared before the district court of Douglas County, Kansas, accompanied by counsel, and there entered a plea of guilty to a charge of forcible rape. On January 13, after evidence was introduced of a previous Missouri conviction in 1942, Daegele was sentenced as a second offender to serve a term of not less than ten nor more than forty-two years in conformity with the provisions of the Kansas Habitual Criminal Statute, which was then K. S. A. 21-107a.

Daegele appealed from that conviction *pro se* and on December 2, 1962, this court dismissed the appeal for reasons appearing in the opinion set forth in *State v. Daegele,* 190 Kan. 613, 376 P. 2d 807. The United States Supreme Court subsequently granted certiorari and on October 14, 1963, that court remanded the case for reconsideration in light of *Douglas v. California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814. The order of the Supreme Court remanding the case can be found in 375 U. S. 1, 11 L. Ed. 2d 44, 84 S. Ct. 89.

Appellate counsel was thereafter provided for Daegele and his appeal made its second appearance in this court. In an opinion

filed July 14, 1964, and reported in *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, the judgment of the trial court was affirmed.

Some time later, the exact date not being shown by the record, the defendant instituted habeas corpus proceedings in the United States District Court for the District of Kansas, in which he challenged the validity of the sentence pronounced under the Habitual Criminal Act. In that lawsuit Daegele attacked the validity of the Missouri conviction used to enhance the penalty, asserting that he had not been represented by counsel. (See *Burgett v. Texas,* 389 U. S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258.)

On March 3, 1969, the federal district court sustained the defendant's claim that the 1942 Missouri conviction was void and ordered that Daegele be returned to the custody of the warden of the Kansas State Penitentiary pending resentence proceedings. The court further ordered that in the event Daegele was not resentenced within 120 days from May 5, 1969, he then be discharged from custody.

On August 1, 1969, a date well within the time allotted by the federal court's ukase, a hearing was held before the Douglas County District Court at which Mr. Daegele again appeared personally and by counsel. Prior to the hearing Daegele was notified that the state intended to present evidence of one previous conviction and would ask that the new sentence be pronounced pursuant to K. S. A. 21-107a.

The prior conviction introduced by the state at the hearing on resentence was a 1956 conviction from Lafayette County, Missouri. The trial court overruled Daegele's objection to its admission and proceeded to sentence Daegele once again to a term of not less than ten nor more than forty-two years.

The present appeal raises this question: Under the law existing in this jurisdiction when the defendant was resentenced on August 1, 1969, was the 1956 Lafayette County conviction admissible for the purpose of invoking the provisions of K. S. A. 21-107a? Our own precedents require a negative response.

In *State v. Cox,* 194 Kan. 120, 397 P. 2d 406, we held that where a sentence has been set aside and proceedings for resentence are held, the state may not for the first time introduce evidence of prior convictions for the purpose of increasing the punishment imposed against the defendant. The rationale of this case was followed and

the doctrine somewhat expanded in *Bridges v. State,* 197 Kan. 704, 421 P. 2d 45, which deserves a paragraph of its own.

In the *Bridges* case the defendant was sentenced in Ness County under K. S. A. 21-107a as a third offender on the basis of two previous Reno County convictions. Subsequently, the sentence was set aside as violating the Habitual Criminal Act and the defendant was returned for resentencing. The state thereupon re-introduced one of the two Reno County convictions used in sentencing the defendant the first time and, in addition, introduced a third prior conviction from Russell County. Among the points raised by the defendant on appeal was a contention that the trial court had erred in admitting new evidence of a previous conviction (the Russell County conviction), and this court agreed. The principle undergirding our decision was expressed in this wise:

". . . [T]he district court, in a proceeding to correct a void sentence which has been partially served, has no authority to receive additional evidence upon which to base a new sentence. When the defendant appears before the court for resentencing the authority of the trial court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence. . . ." (p. 706.)

The foregoing passage was quoted with approval in *Davis v. State,* 198 Kan. 271, 424 P. 2d 471, in which case the Labette County District Court, in enhancing the sentence against Davis under 21-107a, had relied on a Michigan conviction, later set aside. Thereafter, Davis filed an action under K. S. A. 60-1507, in response to which the state alleged, and the trial court found, that at the time he was sentenced Davis had actually been the recipient of two prior convictions.

On appeal, however, this court said:

"The record of the criminal proceeding in Labette County does not disclose that evidence of two prior felony convictions was introduced. Under these circumstances the trial court is without power to resentence the petitioner using another prior felony conviction as the basis for invoking the habitual criminal act." (p. 272).

The present case cannot, in our opinion, be distinguished in principle from either *Bridges* or *Davis,* and attempts by the state to differentiate between them are not convincing. The so-called evidence of the Lafayette conviction, which the state contends was before the court, was peripheral at best, and of hearsay character.

K. S. A. 21-107a provides that judgment shall not be given for an increased penalty unless the court shall find *from the record and*

*other competent evidence* the fact of former conviction. Moreover, K. S. A. 62-1516 requires that the record contain a statement of each previous conviction showing the offense, the date, the court, and a brief statement of the evidence relied on. None of these requirements were met, so far as the Lafayette conviction was concerned, when the original sentence was imposed against Daegele, and it cannot be said that competent evidence of such conviction was then before the court within the purview of 21-107a.

Before concluding, it may not be amiss to point out a recent change in the Habitual Criminal Act (now K. S. A. 1970 Supp. 21-4504.) The statute now provides, in subparagraph (4), that in the event any part of a sentence imposed is determined to be invalid because a prior felony conviction was itself invalid, the resentencing court may consider evidence of any other prior conviction which might have been used at the time of the original sentence, whether or not it was then introduced. This provision was not in effect when the new sentence in this case was imposed.

Our conclusion requires that we disapprove of and hold to be invalid that portion of the sentence imposed on August 1, 1969, which exceeds "not less than five nor more than twenty-one years," and the sentence is hereby corrected to be "for a term of not less than five nor more than twenty-one years" as provided by K. S. A. 21-424.

The trial court is hereby directed to inscribe the corrected sentence upon its records.