No. 45,967

STATE OF KANSAS, *Appellee*, v. GEORGE B. SMITH, *Appellant*.

(481 P. 2d .995)

Opinion filed March 6, 1971.

*Jim Lawing*, of Lawing & Prather, Wichita, argued the cause and was on the brief for appellant.

*David P. Calvert*, Deputy County Attorney, argued the cause and *Kent Frizzell*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The appellant George B. Smith is not a stranger to the state and federal courts. In June 1962 appellant was convicted in Sedgwick county of second degree burglary and of larceny in connection therewith. He was sentenced to life imprisonment as an habitual criminal on each of these felonies. Three prior convictions on which the enhanced penalties were assessed are shown in the journal entry. In 1932 he had been convicted in Oklahoma of robbery with firearms. In 1946 he had been convicted in Oklahoma of attempted murder. In 1955 he had been convicted in Butler county, Kansas, of second degree burglary.

After serving six years in the penitentiary he successfully prosecuted a petition for writ of habeas corpus in the federal courts. (See *Smith v. Crouse*, 298 F. Supp. 1029 [1968] and *Smith v. Crouse*, 413 F. 2d 979 [1969].) His attack upon the two life sentences was successful because of a failure to appoint defense counsel at the Oklahoma conviction proceedings. This left only the Butler county, Kansas, conviction upon which the enhanced penalty could be assessed under K. S. A. 21-107a. (See *State v. Duke*, 205 Kan. 37, Syl. ¶ 3, ¶ 4, 468 P. 2d 132.)

Appellant was returned to Sedgwick county and resentenced in September 1969 as an habitual criminal with one prior conviction. He received a sentence of from ten to twenty years for burglary

and a sentence of not to exceed ten years for larceny in connection therewith, these sentences to run consecutively.

This is a direct appeal from that second sentencing. Two contentions are urged on this court.

Appellant contends the trial court erred in ordering the two sentences to run consecutively. He argues the consecutive sentences are more severe than the original concurrent life sentences and arrives at this conclusion in the following manner. If he had been given correct concurrent sentences at the first sentencing (ten to twenty years and not to exceed ten years) he would have been eligible for parole in 1972. He states the consecutive sentences will destroy this right to go before the parole board in 1972. He further reasons that this right to parole is an inchoate right to a conditional release which was destroyed by the sentencing court when the sentences were made to run consecutively. To support his position he relies largely on *North Carolina v. Pearce*, 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. Appellant's position is untenable and *Pearce* is not controlling.

In the first place, parole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace, and no constitutional right is involved. (*Johnson v. Stucker*, 203 Kan. 253, 257, 453 P. 2d 35; *Prescher v. State*, 205 Kan. 636, 639, 471 P. 2d 349.)

In the second place, when these sentences were prescribed the sentencing judge had the duty and discretion to determine whether they should be served concurrently or consecutively. (See K. S. A. 62-1512 now K. S. A. 1970 Supp. 21-4608.) The consecutive sentences for terms of years were not more severe than the two concurrent life sentences, but assuming they were, appellant's application of *Pearce* is not viable. In *Pearce*, the high court did not apply an absolute bar to more severe sentences upon a second conviction. That court indicated if the sentence was increased there should be a showing made to justify the increased sentence and to establish that vindictiveness against the defendant played no part in the new sentence.

The record on resentencing which is before us clearly establishes a long history of criminal acts by the appellant which spanned a period of thirty-six years prior to the original sentences. The second sentences meted out by the judge were those required by K. S. A. 21-520 and 21-524 when enhanced for one prior conviction under K. S. A. 21-107a. Under these statutes which

controlled the resentencing, the habitual criminal act was mandatory and controlled the actions of the district court. (*Aeby v. State,* 199 Kan. 123, 126, 427 P. 2d 453.)

Under the circumstances shown in the record vindictiveness against the defendant-appellant is not indicated. The consecutive sentences for terms of years were substituted for two concurrent sentences for life. The consecutive sentences were entirely proper and justified. Judicial discretion was not abused.

Appellant's second and final contention is that despite the language of K. S. A. 21-524 it is unlawful to prescribe two consecutive sentences for burglary and for larceny in connection therewith.

K. S. A. 21-524 provides:

"If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and on conviction of such burglary and larceny, shall be punished by confinement and hard labor, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years."

Appellant contends burglary and larceny in connection therewith constitute one offense because the single combined intent is to commit both crimes. He further contends imposition of two consecutive sentences violates the law against being twice punished for one offense. Appellant's basic premise is erroneous for the intent to commit several crimes at one time does not reduce the number of separate crimes committed. The cases cited by appellant on this are not in point. They relate to the prohibition against being tried a second time after having been first acquitted of the offense, or they relate to the prohibition this court has applied against the use of separate crimes to further enhance the penalty provided in K. S. A. 21-107a when the sentences are meted out at one hearing. (See *State v. Murray,* 200 Kan. 526, 437 P. 2d 816.)

The statutes K. S. A. 21-520 and 21-524 clearly define separate and distinct offenses. In our reported cases we have consistently treated them as separate offenses. Separate sentences for these separate crimes have been approved by this court and they have been made to run consecutively. (*Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837; *State v. Baker,* 197 Kan. 660, 421 P. 2d 16.) We see nothing which should prohibit consecutive sentences in the present case.

Many of appellant's arguments were fully considered by this

court and rejected in *State v. Fountaine,* 199 Kan. 434, 430 P. 2d 235. We incorporate by· reference what was said in *Fountaine.* There is nothing to be gained here by iterating what was said in that opinion.

Judgment is affirmed.