No. 46,927

Robert Eugene Lynch, *Appellant*, v. State of Kansas, *Appellee.*

(509 P. 2d 1152)

Opinion filed May 12, 1973.

*John H. Shaffer,* of Weinlood, Cole, Oswalt and Shaffer, of Hutchinson, argued the cause and was on the brief for the appellant.

*Dwight J. Parscale,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general, and *Porter K. Brown,* county attorney, were on the brief for the appellee.

*Per Curiam:* In this proceeding under K. S. A. 60-1507, the petitioner claims: (1) The judgment imposing an habitual criminal sentence was void where one of two prior convictions later was held to have been improperly used against him; (2) the correction of the sentence to change it to the proper term was also void and in violation of the bill of rights; and (3) he is entitled to have the sentence vacated or further modified because the erroneous sentence deprived him of timely opportunity to appear for parole consideration.

These claims must be disposed of in the light of our decisions in *Roberts v. State,* 197 Kan. 687, 421 P. 2d 48; *Bridges v. State,* 197 Kan. 704, 421 P. 2d 45; *State v. Fountaine,* 199 Kan. 434, 430 P. 2d 235; *Jackson v. State,* 204 Kan. 841, 466 P. 2d 305; *State v. Smith,* 206 Kan. 744, 481 P. 2d 995; and *Daegele v. State,* 211 Kan. 612, 506 P. 2d 1134. The trial court was correct in denying the petitioner's claims. There was no denial of due process, no invasion of any constitutional right and no double jeopardy.

The original sentence was not void but was subject to modification, the revised sentence of not more than twenty years was a lesser sentence than that of not less than fifteen years, and was in every respect lawful and proper.

The judgment is affirmed.