No. 56,445

STATE OF KANSAS, *Appellee*, v. CHARLES J. HOLLINGSWORTH, *Appellant*.

(691 P.2d 392)

Opinion filed November 30, 1984.

*Paul L. Thomas,* of Render & Kamas, of Wichita, argued the cause and was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by Charles J. Hollingsworth from a resentencing hearing held December 5, 1983, in the District Court of Sedgwick County. The single issue raised is whether, in a proceeding to correct a sentence previously imposed and partially served, the trial court has authority to receive additional evidence upon which to base a new sentence.

Hollingsworth was found guilty of aggravated robbery by a jury in Sedgwick County on November 14, 1974. The original sentencing took place on December 20, 1974. The prosecution presented a motion to impose the habitual criminal act and in support of that motion it listed five prior felony convictions that it intended to prove. The offenses and the dates of conviction were: (1) second-degree burglary and larceny on March 9, 1970; (2) second-degree burglary on March 9, 1970; (3) aggravated burglary and burglary on August 19, 1972; (4) burglary on October 2, 1974; and (5) burglary and theft on October 14, 1974.

These convictions were all in separate cases and all in Sedgwick County District Court. The sentencing court heard evidence on the first two felony convictions, both of which occurred on March 9, 1970. The prosecutor then said, "We do have three more cases listed if the Court desires to hear evidence on those three cases." The judge responded, "It isn't necessary." The

court then proceeded to sentence the defendant as a habitual criminal having two prior felony convictions.

On October 11, 1983, Hollingsworth filed a petition for writ of habeas corpus with this court. In the State's answer to that petition, the State noted that the defendant's original sentence was probably invalid due to the rule adopted in *State v. Lohrbach*, 217 Kan. 588, 538 P.2d 678 (1975). Syllabus ¶ 3 of the *Lohrbach* opinion reads as follows:

"Where two or more convictions occurring on the same day result either from two or more counts in the same information or from counts in two or more informations, only one of them may be used as a former conviction to enhance punishment under the provisions of K.S.A. 21-4504(1) and (2) (Weeks 1974)."

This court on November 4, 1983, determined that Hollingsworth was not entitled to any relief on the grounds asserted in his habeas petition. However, we directed the Sedgwick County District Court to hold a resentencing hearing, stating that the prosecution might, at that time, present evidence of any prior felony convictions for the purpose of possible sentence enhancement. The court was also directed to impose a lawful sentence upon the petitioner.

At the resentencing hearing, the two felony convictions of March 9, 1970, were considered as one for the purpose of sentence enhancement, pursuant to *Lohrbach*. The State proceeded to establish one additional felony conviction. The judge then resentenced the defendant as a third-time felony offender, imposing exactly the same sentence as was imposed on December 20, 1974.

Defendant appeals, contending that the trial court erred in receiving and considering evidence of the second prior felony conviction at the time of the resentencing hearing on December 5, 1983. Appellant argues that the reception of such evidence is contrary to the rule adopted in *Bridges v. State*, 197 Kan. 704, 421 P.2d 45 (1966). In that case we said:

"In this jurisdiction a void sentence may be changed to a valid one and an erroneous or irregular sentence is considered the same as a void sentence for the purpose of correction by the substitution of a new and valid sentence. (*Richardson v. Hand*, 182 Kan. 326, 320 P.2d 837.) However, the district court, in a proceeding to correct a void sentence which has been partially served, has no authority to receive additional evidence upon which to base a new sentence. When the defendant appears before the court for resentencing the authority of the trial court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence." 197 Kan. at 706.

Bridges was resentenced under the then existing habitual criminal statute, K.S.A. 21-107a (Corrick). Since our opinion in *Bridges*, the entire Kansas criminal code was revised in 1969. The habitual offender statute is now K.S.A. 1983 Supp. 21-4504. Subsection (c) of the new section provides:

"If any portion of a sentence imposed under K.S.A. 21-107a, or under this section, is determined to be invalid by any court because a prior felony conviction is itself invalid, upon resentencing the court may consider evidence of any other prior felony conviction that could have been utilized under K.S.A. 21-107a, or under this section, at the time the original sentence was imposed, whether or not it was introduced at that time, except that if the defendant was originally sentenced as a second offender, the defendant shall not be resentenced as a third offender."

Appellant points out that reception of additional evidence is authorized under that subsection only when a prior felony conviction is itself invalid. Hollingsworth's felony convictions of March 9, 1970, were not held invalid, and thus he claims that the statute has no application and the *Bridges* rule applies.

Under the *Bridges* rule, no evidence of prior felony convictions, which was not introduced at the original sentencing hearing, could be considered by a resentencing court regardless of the reason for the resentencing. The legislature has seen fit to modify this rule and to authorize the court to consider evidence of any other felony convictions that *could* have been utilized for sentence enhancement at the time of the original sentencing hearing.

It is obvious that in the case at hand the State was prepared to prove five felony convictions at the time of the original hearing; but, under the law as it then existed, there was no need for the trial court to hear further evidence after two separate felony convictions had been established.

We conclude that even though K.S.A. 1983 Supp. 21-4504(c) does not specifically cover the situation now before us, the rule set forth in *Bridges*, and quoted earlier in this opinion, is disapproved in conformity with the spirit of K.S.A. 1983 Supp. 21-4504(c). A trial court, upon a resentencing hearing, may not consider convictions occurring after the date of the original conviction, but it may consider any prior felony conviction which could have been established and considered at the time of the original sentencing hearing. Thus, the trial court on a resen-

tencing hearing may properly consider the true facts and conditions *existing* at the time of the original sentencing hearing.

Here we have no indication that the prosecutor or the trial court sought to increase the defendant's sentence. The court was simply called upon to determine what sentence to impose, based upon facts which existed at the time the original sentence was imposed.

The judgment is affirmed.