No. 64,990

STATE OF KANSAS, *Appellee,* v. ROBERT R. WATERBERRY,
*Appellant.*

(804 P.2d 1000)

Opinion filed January 18, 1991.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Jennifer J. Kassebaum,* assistant county attorney, argued the cause, and *Michael F. Powers,* county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by Robert R. Waterberry from his conviction following a plea of guilty of one count of aggravated sodomy (K.S.A. 21-3506).

Waterberry contends that the information charging him with aggravated sodomy is fatally defective because it fails to allege he was not married to the victim when the act occurred and that the trial court abused its discretion in sentencing the defendant

to a term of 10 years to life and in refusing to modify that sentence.

The information does not set forth the victim's sex, age, or that the defendant was not married to the victim when the act occurred. Waterberry argues the name of the victim is such that the victim could be either a male or female and, as a result of these omissions in the information, the information does not contain all the essential elements of the crime; thus, the trial court did not have jurisdiction.

In the past, this court has held that an information which omits an essential element of a crime is fatally defective for lack of jurisdiction. *State v. Browning*, 245 Kan. 26, 28, 774 P.2d 935 (1989). In *State v. Jackson*, 239 Kan. 463, 466-67, 721 P.2d 232 (1986), we held that the failure to allege in the information that the victim was not married to the accused was jurisdictional and reversed the conviction for aggravated sodomy.

In *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), this court reviewed jurisdiction as it applies to defective informations and unanimously adopted new rules to be applied prospectively to informations filed after May 31, 1990.

This court stated that, although the defendant could still challenge the sufficiency of the information for the first time on appeal, tardily challenged informations are to be construed liberally in favor of validity, and the longer the period between conviction and the challenge, the greater the presumption of regularity. 246 Kan. at 761, 764. We said:

"The constitutional protections referred to are implemented by the requirements of K.S.A. 22-3201. The complaint, information, or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged and, when drawn in the language of the statute, shall be deemed sufficient. An information is sufficient if it clearly informs the defendant of the precise offense of which he or she is accused so that the accused may prepare a defense and so that a judgment thereon will safeguard the accused from a subsequent prosecution for the same offense. 1 Wright, Federal Practice and Procedure: Crim. 2d § 125 (1982). It has long been the rule that the entire record of the proceedings, and not the indictment or information alone, may be referred to if there is a claim that a subsequent prosecution constitutes double jeopardy. 1 Wright, Federal Practice and Procedure: Crim. 2d § 125. We agree with the statement in 1 Wright, Federal Practice and Procedure: Crim. 2d § 125 at 365, to the effect that the fundamental purpose of the pleading is to inform the defendant

of the charge so that the defendant may prepare a defense. The test for sufficiency ought to be whether it is fair to require the defendant to defend on the basis of the charge as stated in the particular indictment or information. The stated requirement that every ingredient or essential element of the offense should be alleged must be read in the light of the fairness test just mentioned. The information is sufficient, even if an essential averment is faulty in form, if by a fair construction it may be found within the text. All parts of the pleading must be looked to in determining its sufficiency. 1 Wright, Federal Practice and Procedure: Crim. 2d § 125 at 367.

"Common sense will be a better guide than arbitrary and artificial rules. The sufficiency of an information should be determined on the basis of practical rather than technical considerations when addressed for the first time on appeal. *State v. Wade,* 244 Kan. 136, 766 P.2d 811 (1988); *State v. Micheaux,* 242 Kan. 192, 747 P.2d 784 (1987); 1 Wright, Federal Practice and Procedure: Crim. 2d § 125 at 385." 246 Kan. at 754.

In summary, we adopted a prospective rule as follows:

"Information defect challenges raised for the first time on appeal shall be reviewed by applying (1) the reasoning of K.S.A. 22-3201(4) complaint/information/indictment amendment cases as expressed in *State v. Switzer,* 244 Kan. 449, 769 P.2d 645 (1989), *State v. Nunn,* 244 Kan. 207, 768 P.2d 268 (1988), and *State v. Rasch,* 243 Kan. 495, 497, 758 P.2d 214 (1988), as that reasoning relates to jurisdiction and the substantial rights of the defendant; (2) the 'common-sense' test of *State v. Wade,* 244 Kan. 136, 766 P.2d 811 (1989), and *State v. Micheaux,* 242 Kan. 192, 747 P.2d 784 (1987); and (3) the rationale of *United States v. Pheaster,* 544 F.2d 353 (9th Cir. 1976), *cert. denied* 729 U.S. 1099 (1977). Of paramount importance, we shall look to whether the claimed defect in the information has: (a) prejudiced the defendant in the preparation of his or her defense; (b) impaired in any way defendant's ability to plead the conviction in any subsequent prosecution; or (c) limited in any way defendant's substantial rights to a fair trial under the guarantees of the Sixth Amendment to the United States Constitution and the Kansas Constitution Bill of Rights, § 10. If a defendant is able to establish a claim under either (a), (b), or (c), the defective information claim, raised for the first time on appeal, will be allowed." 246 Kan. at 765.

The State argues that we should apply a common-sense rule in this case and that the information could then be construed as containing the missing element. The argument made is that the information states the victim is under 16 years of age, has a different last name than the defendant, and has a first name that normally is a boy's name. This court is unwilling to do that. It is not uncommon today for married couples to use different last names, and the spelling used for the victim's first name in this

case, while normally indicative of a boy, is not conclusive and is occasionally a name and spelling used by females. Taken separately or as a whole, the State's argument is insufficient to overcome the pre-*Hall* test as set forth in *State v. Jackson.*

The general rule in Kansas is that an overruling decision is applied retroactively to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued. In *State v. Osbey,* 238 Kan. 280, 283, 710 P.2d 676 (1985), this court said:

"The present case falls within the procedure set out in *State v. Choens,* 224 Kan. 402, 580 P.2d 1298 (1978), which holds that a later overruling decision should be applied retroactively to all similar cases pending at the time the decision was rendered. A conviction is not considered final until the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed. This court determined *Hundley* prior to the appeal in this case. The facts in this case are sufficiently similar to those in *Hundley,* allowing Osbey to raise this issue on appeal."

A majority of this court is of the opinion we were too restrictive in *State v. Hall* when we limited its application to informations filed after the date of that opinion (May 31, 1990). We see no valid reason not to apply the *State v. Hall* rules to this case and cases pending in the courts of this state as of May 31, 1990, in which a defendant has entered a plea of guilty and the defect in the information has not prejudiced the defendant in the preparation of a defense, impaired the defendant's double jeopardy defense, or limited the defendant's substantial rights to a fair trial.

In the case before us, Waterberry was clearly informed of sufficient information so that a plea of double jeopardy would be possible. The offense was stated, the name of the victim was stated, and the applicable date was set forth. All that was left out was the element that the accused was not married to the victim. That fact was known to the accused and could not, under the facts of this case, impair in any way the defendant's ability to plead the conviction as a double jeopardy defense in any subsequent prosecution.

The defendant does not claim the omission limited in any way his substantial rights to a fair trial, and we cannot conceive of

any in this case. Here, the defendant accepted the benefit of a bargain that benefited him greatly. The defendant had two prior convictions for the same type of offense in the State of Washington. His plea bargain contained the agreement that the State would not invoke the provisions of K.S.A. 21-4504 (Habitual Criminal Act). In addition, the State agreed not to file additional charges based on information available to the Morris County Attorney as of the date the plea agreement was entered into. Evidence existed that Waterberry had engaged in individual sexual acts with three other young boys on 15 separate occasions.

The record shows that Waterberry admitted the victim was a male, nine years of age, during the plea and sentencing phase of the case.

The defendant entered into the plea agreement on July 21, 1988, and pled guilty that same day. The defendant did not furnish this court a transcript of the plea, but the journal entry states the trial court made "detailed inquiry of the defendant regarding the factual circumstances of the charge" and the defendant confirmed there was a factual basis for his plea of guilty.

Prior to sentencing, the defendant and counsel reviewed the presentence reports prepared by the State Reception & Diagnostic Center (SRDC) and the court services officer, which set forth the name, age, and sex of the victim, all of which show the victim could not be married to the defendant.

Defendant was sentenced on October 7, 1988, and filed a notice of appeal, some 17 months later on March 1, 1990. He raised the defect in the information for the first time in his brief, which was filed with this court on July 20, 1990. Thus, he raised the issue over 21 months after he entered a plea of guilty. Under *State v. Hall*, there is a substantial presumption that the information is sufficient. Here, the defendant is unable to demonstrate that the claimed defect has prejudiced his preparation of a trial defense, impaired his subsequent double jeopardy defense, or denied him a fair trial. We conclude that under the test adopted in *Hall*, which we have enlarged to cover this case and similar cases, the information is not fatally defective.

Waterberry next argues that his sentence was excessive and that the trial court erred by failing to expressly consider the

criteria set forth in K.S.A. 21-4606, which lists various factors for the court to consider in setting the minimum terms.

"It is the sentencing judge alone who determines the appropriate sentence or other disposition in each case, not the appellate judges. The sentencing judge sets the sentence to be served by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety. [Citation omitted.] A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law." *State v. Heywood,* 245 Kan. 615, 617-18, 783 P.2d 890 (1989).

Further, it is not necessarily grounds for reversible error that the trial court failed to expressly consider each of the criteria set forth in K.S.A. 21-4606. *State v. McGlothlin,* 242 Kan. 437, 438, 747 P.2d 1335 (1988). Although it is the better practice for a court to make a detailed statement of the criteria, "a trial court's failure to [do so] does not necessarily demonstrate an abuse of discretion; each case must be considered on its facts." 242 Kan. at 438.

At the time of sentencing, the State specifically addressed each factor, one by one. The court took note of this and said that it had them in mind when it considered the case. The court took note of Waterberry's prior offenses, the need to protect society, and the need to provide adequate time for therapy.

The trial court had ordered the SRDC to perform the initial pre-sentence investigation. The initial SRDC report was filed on September 27, 1988, and the sentencing was held on October 7, 1988, so it was available to the trial court. The report notes that, in Waterberry's view, no harm is being done to his victims and that Waterberry is in need of a "structured environment in order to preclude him from continuing inflicting psychological pain and damage to other children." The subsequent report prepared for the modification hearing is even more to the point. It says:

"We recommend that Mr. Waterberry remain incarcerated for an appropriate length of time. He presented himself in the interview as being entitled, unremorseful, and without guilt. He was unwilling or unable to acknowledge any wrongdoing, or to accept responsibility for his inappropriate behavior. He was almost boastful in his statements that he spent thirty-six months in a sex offender's treatment program in Washington and was unable to complete the program. He saw little value in the evaluation and refused to provide information, defending that his lawyer had advised him not to

answer our questions. While incarcerated, we recommend that Mr. Waterberry participate in mental health counseling for sex offenders. We also recommend that he participate in a work assignment. Parole for this man should be approached cautiously and any contact with children should be prohibited."

Although the trial judge did not specifically state that he considered the criteria set forth in K.S.A. 21-4606, when he denied the motion to modify the sentence, it is apparent he did so.

Considering the findings made by the trial court and the information available to it, the trial court did not abuse its discretion or fail to consider the statutory factors in either the original sentencing or in refusing to modify the sentence.

Affirmed.