(966 P.2d 683)
No. 78,778

STATE OF KANSAS, *Appellee*, v. DAVID LEE KLUGE, *Appellant*.

Opinion filed September 4, 1998.

*James F. Vano*, of Overland Park, for appellant.

*Jacqueline J. Spradling*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., ROYSE and MARQUARDT, JJ.

RULON, J.: Defendant David Lee Kluge appeals from his bench conviction of one count of misdemeanor domestic battery, claiming a jurisdictionally insufficient complaint and insufficiency of the evidence. We affirm and remand with directions.

The factual allegations of the complaint reads:

"That on or about the 2nd day of September, 1996, in the County of Johnson, State of Kansas, DAVID LEE KLUGE, did then and there unlawfully, willfully and intentionally cause bodily harm to another person or intentionally cause physical contact with another person, to-wit: [M.R.B.] done in a rude, insulting or angry manner, a domestic battery, in violation of K.S.A. 21-3412 and K.S.A. 21-4502(1)(b)."

M.R.B. testified that on September 2, 1996, defendant and M.R.B. were residing in a trailer together in Edgerton, Kansas. An argument began between them. Defendant took groceries out of the car and threw them into the trailer towards M.R.B. M.R.B.

threw a Coke bottle out the door towards defendant. Then defendant threw M.R.B.'s suitcase towards her. Fortunately, no one was hit by these projectiles. M.R.B. then went outside the trailer, and defendant followed. While M.R.B.'s back was towards defendant, he grabbed her from behind on her upper shoulders with both hands and turned her around. M.R.B. began to walk towards the trailer door. M.R.B. wanted to go back inside the trailer to avoid defendant. Defendant was wanting to talk, and M.R.B. stated the last thing she wanted to do was to talk; she just wanted to get away, but defendant was always there. M.R.B. left the trailer and walked about one and one-half miles to Edgerton to call the police.

The trial court found the evidence was clear beyond a reasonable doubt that defendant's actions were done in a rude, insulting, or angry manner. The court further found defendant touched M.R.B. in an angry manner. Ultimately, the court found defendant guilty beyond a reasonable doubt of "commit[ting] the offense of battery as alleged."

The State claims defendant's appeal is untimely and should be dismissed. Simply said, we have considered this claim and conclude such argument has no legal merit.

## THE COMPLAINT

Defendant argues the complaint is not factually sufficient to state an offense of domestic battery. Defendant asserts a domestic battery is a specific crime subcategory of battery; if so, the State must allege in its complaint the factual circumstances of a domestic relationship as set forth in the domestic battery statute. Under K.S.A. 1996 Supp. (now 1997 Supp.) 21-3412(c)(4)(A), a domestic battery is "a battery against a family or household member by a family or household member." The statute prescribes specific penalties for a domestic battery and a definition for "family or household member." K.S.A. 1997 Supp. 21-3412(c)(1), (2), (3), (4)(B). Under K.S.A. 1997 Supp. 21-3412(a), a battery is "(1) [i]ntentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner."

Defendant raises this argument for the first time on appeal. The standard for determining a complaint's validity when raised for the first time on appeal was announced in *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990). Under *Hall*, when a defendant does not use any statutory pretrial or post-trial remedies, the appellate courts will liberally construe the charging instrument in favor of validity. The elements of an offense are to be gleaned from the complaint as a whole. 246 Kan. at 756, 760. The language in this complaint, as set out above, did indicate that it was "a domestic battery." While the complaint does not use language that the battery was done "against a family or household member by a family or household member," it does put defendant on notice that it is a battery of a "domestic" nature. The victim's full name was used in the complaint which should assist in identifying how defendant would know the victim. Under the liberal construction standards of *Hall*, the complaint, read as a whole, sufficiently stated the elements for a domestic battery conviction.

Once the complaint is determined to be valid, such must be shown that one of three considerations announced in *Hall* prejudiced the defendant.

"Of paramount importance, we shall look to whether the claimed defect in the information has: (a) prejudiced the defendant in the preparation of his or her defense; (b) impaired in any way defendant's ability to plead the conviction in any subsequent prosecution; or (c) limited in any way defendant's substantial rights to a fair trial under the guarantees of the Sixth Amendment to the United States Constitution and the Kansas Constitution Bill of Rights, § 10. If a defendant is able to establish a claim under either (a), (b), or (c), the defective information claim, raised for the first time on appeal, will be allowed." 246 Kan. at 765.

Nowhere in his brief does defendant allege he has been prejudiced, impaired, or limited in any way. An examination of the record does not indicate any such hinderance to defendant.

As to whether defendant was prejudiced in preparing his defense or limited in his substantial rights to a fair trial, the record is void. The record shows defendant was represented by counsel, although different counsel than the one handling this appeal. Defendant and counsel were present at the first appearance, waived reading of the complaint, and requested a jury trial. At the first hearing, while

discussing bond, the court asked M.R.B. about her relationship with defendant. M.R.B. responded she was his girlfriend, resided with defendant, and still had her personal property at their residence. The first appearance record shows defendant and his counsel knew the domestic relationship the prosecution would allege.

At trial, on direct examination by the State, M.R.B. testified she resided with defendant at the time of the offense and currently resides with him. Defense counsel did not cross-examine M.R.B. about their relationship but did use a prior out-of-court statement to impeach her in-court testimony. Additionally, defense counsel attacked the credibility of M.R.B. based upon a previous conviction for filing a false police report in a domestic violence case.

During the presentation of defense's evidence, defendant's counsel called two defense witnesses. Defendant's counsel propounded to defendant's mother: "On the date in question which brings us here today, were you present on or around the trailer where Mr. Kluge and [M.R.B.] resided?" Defense counsel further propounded to defendant's father: "And in fact, you had no problem with [M.R.B.] and your son staying on your property in the trailer?" Defendant and his attorney were aware of the relationship the State relied upon to prove domestic battery. Defendant was not prejudiced in preparing his defense or limited in receiving a fair trial.

As for the third consideration, the record is void of any facts which show the alleged defect in the complaint would impair defendant's ability to plead double jeopardy to a subsequent conviction. As in *State v. Waterberry*, 248 Kan. 169, 172, 804 P.2d 1000 (1991), defendant clearly has sufficient information to plead double jeopardy in a subsequent case if necessary. The nature of the offense was stated, the victim's name was stated, and the date of the offense was stated. The only missing language in the complaint, defendant alleges, is that the battery was "against a family or household member by a family or household member." Defendant knows that fact to be true from the court proceedings, and it is difficult to see how its omission could impair his ability to plead double jeopardy to a subsequent prosecution. Defendant has not

proven he was adversely affected under any of the above three considerations.

This conviction for domestic battery will not be reversed on the basis of defendant's contention that the complaint failed to allege sufficient facts for the offense of domestic battery.

## SUFFICIENCY OF EVIDENCE

Defendant contends the evidence was insufficient to convict him of domestic battery.

The standard of review on appeal to challenge a conviction based on the sufficiency of the evidence is whether after a review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Abel*, 261 Kan. 331, 337, 932 P.2d 952 (1997).

We have carefully reviewed the record before this court and based upon our standard of review we firmly conclude this claim has no legal merit.

We affirm defendant's conviction but remand this cause with directions to the district court to amend the journal entry of judgment *nunc pro tunc* to show defendant was convicted of domestic battery under K.S.A. 1996 Supp. 21-3412(c)(4)(A).