No. 80,972

STATE OF KANSAS, *Appellee*, v. STEPHEN M. ROME, *Appellant*.

(5 P.3d 515)

Opinion filed April 21, 2000.

*Michael J. Kelley*, of Topeka, argued the cause and was on the brief for appellant.

*Thomas J. Drees*, county attorney, argued the cause, and *Gregory A. Schwartz*, legal intern, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant appeals his resentencing for a 1990 conviction of sale of cocaine, claiming the district court erred in allow-

ing a federal conviction which was not admitted at the original sentencing hearing to count as a prior conviction under K.S.A. 1989 Supp. 65-4127a and in failing to order a presentence evaluation prior to resentencing. He also contends that the original complaint was defective.

In 1990, Stephen M. Rome entered a no contest plea in Ellis County District Court to one count of sale of cocaine. At the sentencing hearing, Rome stipulated that it was his third drug conviction. The district court sentenced Rome to life imprisonment, the statutory penalty for a Class A felony drug conviction.

In 1997, 7 years after his plea, the sentence was found to be illegal because the two previous convictions relied on by the district court to enhance Rome's third conviction were a single sentencing event and, therefore, counted as one prior conviction for sentencing purposes.

At the hearing for resentencing, the State again proffered proof of the conviction relied on at Rome's original sentencing hearing and, in addition, a prior conviction in the United States District Court for the District of Kansas where Rome, prior to the original sentencing hearing, had pled guilty to possession with intent to distribute cocaine and distribution of cocaine. The federal conviction had not been admitted in the original sentencing hearing. Rome argued to the district court that the use of the federal conviction to enhance his sentence was improper because the State had not been prepared to prove the federal conviction at the original sentencing hearing.

The district court found that the federal conviction was admissible and denied the motion. Because this was Rome's third controlled substance conviction, the judge again sentenced Rome to life imprisonment. Rome appeals.

The question presented requires an interpretation of K.S.A. 1989 Supp. 65-4127a. Interpretation of a statute is a question of law, and the Supreme Court's review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

## A PRIOR FELONY CONVICTION UNDER
### K.S.A. 1989 Supp. 65-4127a

Rome was sentenced under the 1989 version of 65-4127a. That statute provides that upon conviction for a third or subsequent offense of certain drug crimes, including the sale of cocaine, such person shall be guilty of a class A felony, and the punishment shall be life imprisonment. K.S.A. 1989 Supp. 65-4127a. The 1989 statute does not address whether the prior convictions from other jurisdictions are to be used to enhance a sentence. In 1992, the statute was amended to provide that prior convictions of a "substantially similar offense from another jurisdiction" counted as prior convictions for determining whether a conviction is the defendant's first, second, or third conviction. L. 1992, ch. 92, § 1.

In *State v. Miles*, 233 Kan. 286, 662 P.2d 1227 (1983), this court interpreted K.S.A. 65-4127a (Ensley 1980) (which contained language similar to K.S.A. 1989 65-4127). The *Miles* court held that prior convictions of other jurisdictions may be used to increase an offender's punishment for sentencing purposes under 65-4127a if (1) the prior conviction was for an offense of the same character specified in the Kansas Uniform Controlled Substances Act, and (2) the prior conviction was of the same class, *i.e.*, a felony. 233 Kan. at 298.

Rome's prior conviction in federal court for possession of cocaine with intent to distribute and distribution of cocaine is of the same character specified in the Kansas Uniform Controlled Substances Act as was the prior Kansas felony conviction. Therefore, the district court was correct in admitting the prior federal conviction even though it was from another jurisdiction.

## OTHER PRIOR CONVICTIONS

Rome acknowledges that this court previously held that at resentencing, the sentencing judge may consider evidence of any other felony convictions that could have been utilized for sentence enhancement at the time of the original sentencing hearing. See *State v. Hollingsworth*, 236 Kan. 367, 369, 691 P.2d 392 (1966). Rome contends that if the State is *unaware* of the prior conviction at the original sentencing hearing, the State is precluded from of-

fering evidence of the conviction at resentencing. He argues that the State was unaware of the prior conviction because it offered no proof of that conviction at the original sentencing hearing. The issue is a question of law over which this court has unlimited review. See 263 Kan. at 847.

In *Hollingsworth*, the State attempted to introduce five separate prior convictions at the sentencing hearing. The sentencing judge restricted the State from introducing more than two convictions because under the law as it applied to Hollingsworth's sentence, there was no need to admit more than two prior convictions. Later, Hollingsworth filed a writ of habeas corpus claiming his sentence was invalid. The State agreed. The *Hollingsworth* court found the defendant had no basis for a habeas corpus claim, but was entitled to have his sentence vacated. The matter was remanded to the district court.

At the second sentencing hearing, the State introduced the prior convictions that the trial judge had precluded as unnecessary to enhance the original sentence. Hollingsworth received the same enhanced sentence. On appeal, Hollingsworth argued that the State was precluded from offering evidence of the three prior convictions that had not been admitted at the original sentencing hearing. The *Hollingsworth* court disagreed, stating that a trial court, at a resentencing hearing, may not consider convictions occurring after the date of the original conviction, but it may consider any prior felony conviction which could have been established and considered at the time of the original sentencing hearing.

The relevant inquiry is not what the State was aware of at the original sentencing, but the true facts and conditions existing at the time of the original sentencing, regardless of whether those facts were admitted as evidence in the original hearing. Any conviction which meets the criteria set forth for sentence enhancement and which was committed by the defendant prior to the date of the original sentencing hearing can be properly admitted as evidence at resentencing.

## PRESENTENCE EVALUATION

Rome contends that the district court erred in failing to order a

presentence evaluation prior to resentencing him to life imprisonment. Rome asserts that the district court and the parties were unsure of how to obtain a presentence investigation because he had been imprisoned for the 8 years prior to resentencing.

K.S.A. 21-4604(a) provides, in part:

"Whenever a defendant is convicted of a felony, the court shall require that a presentence investigation be conducted by a court services officer or in accordance with K.S.A. 21-4603 and amendments thereto, unless the court finds that adequate and current information is available in a previous presentence investigation report or from other sources."

At Rome's original sentencing, the district court did not order a presentence investigation, stating it was unnecessary to order a presentence investigation because it had no discretion in sentencing—the statutory penalty for Rome's crime of conviction was life imprisonment. Therefore, there was no previous presentence investigation.

Rome was resentenced on September 15, 1997. A transcript of the sentencing hearing is not provided. The journal entry of resentencing indicates that the judge sentenced Rome to life imprisonment, as mandated by statute for a third drug crime conviction. Rome then requested that the judge order the sentence suspended or grant probation. In response to this request Rome presented evidence that during incarceration he obtained a bachelor's degree and was working on a master's degree in social work and psychology. In addition, Rome presented letters from the laundry manager at Lansing Correctional Facility and from a mental health professional at Lansing, stating that during incarceration Rome had taken advantage of opportunities for personal growth and academic achievement. The judge also noted that Rome had had no disciplinary problems during incarceration at Lansing.

The judge weighed Rome's evidence of rehabilitation against the seriousness of his crime and the fact that previous incarcerations had failed to deter Rome from resuming criminal activity upon release from prison. The judge commended Rome's progress but noted that progress within the structured setting of the prison may not be indicative of actual rehabilitation.

As was the case at Rome's original sentencing, the judge was statutorily mandated at resentencing to order life imprisonment. In determining whether suspension of the sentence or probation should be granted, the judge considered current information available. Therefore, the judge complied with the requirements of K.S.A. 21-4604(a) prior to imposing the new sentence.

## DEFECTIVE COMPLAINT

Rome contends that the complaint, which charged a Class A felony based on two prior drug convictions, was defective on its face and affected his decision to plea to the charge rather than stand trial.

Rome raises his objection to the charging document for the first time in this appeal. In *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), this court changed the standards of appellate review for claims that a complaint or information was defective, when raised for the first time on appeal. The pre-*Hall* test, as set forth in *State v. Jackson*, 239 Kan. 463, 466-67, 721 P.2d 232 (1986), was that a complaint or information which omits an essential element of a crime is fatally defective for lack of jurisdiction. *State v. Waterberry*, 248 Kan. 169, 170, 172, 804 P.2d 1000 (1991). The post-*Hall* rule applies to cases pending as of or after May 31, 1990. 248 Kan. at 172. Rome entered a plea in this case on March 16, 1990. Therefore, his case must reviewed under the *Jackson* standard.

K.S.A. 22-3201 (Ensley 1988) provided that the indictment, information, or complaint shall be a plain and concise written statement of the essential facts constituting the crime charged and when drawn in the language of the statute shall be deemed sufficient. However, the exact statutory words need not be used if the meaning is clear. *State v. Vakas*, 242 Kan. 103, 744 P.2d 812 (1987).

This court has held that prior convictions under a self-contained habitual criminal statute are not elements of the offense charged and are pertinent only to the sentence that will be rendered in the event of a conviction. *State v. Loudermilk*, 221 Kan. 157, 161, 557 P.2d 1229 (1976). Because the prior convictions are not elements of the offense charged, the complaint against Rome was not jurisdictionally defective.

Not only was the complaint against Rome not jurisdictionally defective, it was not erroneous. Although Rome's sentence was determined to be illegal because the two prior convictions relied upon to enhance the sentence were actually, for sentencing purposes, one conviction, Rome was, in fact, guilty of two prior felony drug convictions. He was, therefore, legally sentenced for a Class A felony.

Affirmed.