IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,304

STATE OF KANSAS,
*Appellee,*

v.

JEFFREY COLLIER,
*Appellant.*

SYLLABUS BY THE COURT

1.

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504(1) de novo because the reviewing court has the same access to the motions, records, and files. The reviewing court, like the district court, must determine whether the documents conclusively show the defendant is not entitled to relief.

2.

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. An illegal sentence under K.S.A. 22-3504(1) is one:  (a) imposed by a court without jurisdiction; (b) that does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or (c) that is ambiguous with respect to the time and manner in which it is to be served.

3.

Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), which presents a question of law over which appellate courts have unlimited review.

1

4.

Under the KSGA, the legislature intended for all prior convictions and juvenile adjudications, including those convictions and adjudications occurring before KSGA implementation, to be considered and scored for purposes of determining an offender's criminal history score.

5.

A pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. The comparable post-KSGA Kansas criminal statute is the one in effect at the time the current crime of conviction was committed.

6.

The legislature has the power to affix punishments by designating prior offenses as person or nonperson offenses for the purposes of calculating the sentence for a current crime of conviction under the KSGA. The exercise of this legislative authority does not implicate the constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 2, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, and *Sean M.A. Hatfield*, of the same firm, were on the brief for appellant.

*Matt J. Maloney,* assistant district attorney*, Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Jeffrey Scott Collier was convicted of a 1993 aggravated robbery and sentenced under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq*. In calculating Collier's criminal history score, the sentencing court classified as person felonies three "residential burglary" offenses that Collier committed in the late 1980s. In 2014, Collier moved to correct his sentence, arguing the offenses were misclassified. The district court summarily denied relief. We reject each assertion of error and affirm.

We hold: (1) Collier is not entitled to have the offenses classified as nonperson offenses under *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (regarding person/nonperson classification of prior out-of-state offenses for purposes of calculating criminal history score), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); (2) he is not entitled to have the offenses classified as nonperson offenses under *State v. Dickey*, 301 Kan. 1018, 1039-40, 350 P.3d 1054 (2015) (*Dickey I*) (pre-KSGA convictions and juvenile adjudications of burglary defined in K.S.A. 21-3715 must be classified as nonperson felonies); (3) the KSGA's person/nonperson classification of pre-KSGA offenses does not violate the Sixth Amendment's prohibition on nonjury factual findings that increase a defendant's sentence; and (4) the district court did not deprive Collier of a statutory right to a hearing when it summarily denied relief.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Collier of first-degree premeditated murder and aggravated robbery. These crimes occurred in October 1993. The presentence investigation report

3

showed eight prior convictions, including a 1988 adult conviction for aggravated burglary under K.S.A. 21-3716 (Ensley 1988), and two juvenile adjudications in 1987 and 1988 for the same offense.

At sentencing, the parties agreed on the criminal history stated in the report, which yielded a criminal history score of "A." The district court imposed a hard 40 life sentence for the murder conviction—eventually modified to a simple life imprisonment—and a consecutive, 97-month sentence for the aggravated robbery conviction. See *State v. Collier*, 263 Kan. 629, 952 P.2d 1326 (1998); *State v. Collier*, 259 Kan. 346, 913 P.2d 597 (1996).

In 2014, Collier filed a pro se motion to correct his aggravated robbery sentence, which the district court summarily denied. Collier timely appealed. Jurisdiction is proper. See K.S.A. 2016 Supp. 22-3601(b)(3) (Supreme Court has jurisdiction over a case in which life sentence is imposed); *State v. Sims*, 294 Kan. 821, 823-24, 280 P.3d 780 (2012) (Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

ANALYSIS

Under K.S.A. 22-3504(1), the court may correct an illegal sentence at any time. Collier argues the district court erred by summarily denying his motion to correct the aggravated robbery sentence because (1) his pre-KSGA residential burglary offenses should be reclassified as nonperson offenses under *Murdock*, 299 Kan. 312; (2) the offenses should be reclassified as nonperson offenses under *Dickey I*, 301 Kan. 1018; (3) the person/nonperson classification cannot be applied to his pre-KSGA crimes under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and (4) the court's summary denial of his motions violated his statutory right to a hearing.

4

An illegal sentence under K.S.A. 22-3504(1) is one:  (1) imposed by a court without jurisdiction; (2) that does not conform to the statutory provisions, either in character or the term of the punishment authorized; or (3) that is ambiguous with respect to time and manner in which it is to be served. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

*Standard of review*

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504(1) de novo because the appellate court has the same access to the motions, records, and files. *Gilbert*, 299 Kan. at 801. The question on appeal is whether the documents conclusively show the defendant is not entitled to relief. 299 Kan. at 801.

*There is no relief under* Murdock

Collier first argues his prior residential burglary offenses must be reclassified under *Murdock*. At the time of his aggravated robbery offense, the KSGA required that "[a]ll prior adult felony convictions . . . will be considered and scored" and that "[a]ll juvenile adjudications which would constitute a person felony will not decay or be forgiven." K.S.A. 21-4710(d)(2), (6). But the act was mostly silent on how to determine whether a pre-KSGA offense should be scored as a person or nonperson crime. *Keel*, 302 Kan. at 572.

In *Murdock*, the court held a defendant's out-of-state felony convictions for robbery that were committed before the KSGA's 1993 enactment were improperly classified as person felonies for sentencing purposes. 299 Kan. at 319. The applicable

5

KSGA provision required that prior out-of-state crimes be categorized as person or nonperson offenses by referring to "comparable" Kansas offenses. 299 Kan. at 314 (quoting K.S.A. 21-4711[e]). But since the statute did not provide direction on whether to compare the out-of-state offense to the comparable Kansas offense as codified at the time of the out-of-state offense or as codified at the time of the current conviction, the court held the robbery convictions should have been classified as nonperson felonies. 299 Kan. at 319. The court acknowledged "this rule results in the classification of all out-of-state pre-1993 crimes as nonperson felonies." 299 Kan. at 319.

While Collier's illegal sentence appeal was pending, *Murdock* was overturned. See *Keel*, 302 Kan. at 589. The *Keel* court held, "[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590.

In his brief, Collier acknowledges *Keel* and concedes his "arguments put forth under the rubric of *Murdock* may fall in the aftermath." But he also notes the *Keel* mandate was stayed pending a petition for writ of certiorari to the United States Supreme Court and "respectfully submits the arguments in support of the reversal of the district court's decision on this case based upon *Murdock*, in order to preserve the arguments and issues for future review." Notably, the Court denied the petition for certiorari in *Keel* on January 11, 2016, and the mandate issued on January 29, 2016.

Based on *Keel*, Collier's argument that *Murdock* should be extended to control the classification of his in-state pre-KSGA offenses fails. The general rule in Kansas is that an overruling decision is applied to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued. *State v. Waterberry*,

6

248 Kan. 169, 172, 804 P.2d 1000 (1991); see also *Murphy v. Nelson*, 260 Kan. 589, 597, 921 P.2d 1225 (1996) (citing *Waterberry*, 248 Kan. 169, Syl. ¶ 1). Collier's motion was pending on appeal when *Keel* was decided, and Collier advances no substantive argument why this general rule should not apply and why *Keel* should not control his case.

*Keel*'s rationale also makes it unnecessary to address Collier's argument that K.S.A. 2016 Supp. 21-6810(d) and (e) violate the Ex Post Facto Clause of the United States Constitution by statutorily altering the *Murdock* rule and applying that change retroactively. Since *Keel* construed the statute regarding person/nonperson classifications that was in effect at the time Collier committed his crimes, the 2016 statute is not being retroactively applied to him. *Keel*, 302 Kan. at 590-91 (noting court's construction of statute in effect at time of defendant's crime to permit person classification of pre-KSGA offenses obviated need for ex post facto analysis).

Applying *Keel*, the sentencing court properly classified Collier's residential burglary offenses as person felonies because at the time of his current offenses the Kansas offense comparable to the prior offenses was classified as a person crime. K.S.A. 1993 Supp. 21-3716 defined aggravated burglary nearly identically to the version of the statute under which his prior crimes arose and classified the crime as a severity level 5, person felony. Compare K.S.A. 1993 Supp. 21-3716 (defining "aggravated burglary" as "knowingly and without authority entering into or remaining within any [structure or means of conveyance] in which there is a human being, with intent to commit a felony, theft or sexual battery therein") with K.S.A. 21-3716 (Ensley 1988) (defining "aggravated burglary" as "knowingly and without authority entering into or remaining within any [structure or means of conveyance] in which there is some human being, with intent to commit a felony or theft therein").

7

The only differences between the substantive definitions of the offense are that the 1993 version enlarged the definition of the offense by adding "manufactured home" to the list of structures and "sexual battery" to the list of object crimes. *Cf. State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding closest Kansas "approximation" to out-of-state statute under which conviction arose was comparable offense for classification purposes, rejecting argument that elements must be identical, and noting "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical"), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

*There is no relief under* Dickey I

Collier next argues his residential burglary conviction and adjudications must be reclassified based on *Dickey I*, which held a sentencing court may not constitutionally classify a pre-KSGA burglary conviction under K.S.A. 21-3715 as a person felony using the offense-specific classification rule set out in K.S.A. 2014 Supp. 21-6811(d). 301 Kan. at 1039 (citing *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 [2013]). At the time of Collier's convictions, that rule was set out in all relevant respects in identical form in K.S.A. 1993 Supp. 21-4711(d). But because Collier's pre-KSGA conviction and adjudications are for violations of K.S.A. 21-3716—not K.S.A. 21-3715—*Dickey I* is inapposite.

Under the applicable version of the KSGA,

"Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

"(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 . . . .

8

"(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 . . . .

"The facts required to classify prior burglary adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." K.S.A. 1993 Supp. 21-4711(d).

In *Dickey I*, the problem was that the defendant was convicted of violating the pre-KSGA version of K.S.A. 21-3715, which criminalized burglary of a "structure." To classify that crime as a person felony falling within subsection (a) of the post-KSGA statute required a factual determination because subsection (a) included an element not present in the older statute—that the place burglarized was a "dwelling." And under K.S.A. 2014 Supp. 21-6811(d) that penalty-increasing fact was found by the court, rather than a jury, in violation of *Apprendi*. See *Dickey I*, 301 Kan. at 1039. Collier's prior offenses were violations of K.S.A. 1993 Supp. 21-3716 (defining "aggravated burglary" as "knowingly and without authority entering into or remaining within any [structure or means of conveyance] in which there is a human being, with intent to commit a felony, theft or sexual battery therein").

By its plain language, K.S.A. 1993 Supp. 21-4711(d) does not apply to the classification of that offense. Therefore, the impermissible judicial factfinding present in *Dickey I* did not occur in Collier's case. And as we have already discussed, applying the general classification rule found in *Keel*, the prior offenses were properly classified as person felonies based on the comparable offenses at the time of Collier's current aggravated robbery offense.

In passing, we note the State's argument that Collier's claim is procedurally barred because it is just a veiled constitutional challenge to Collier's conviction under the guise

9

of a motion to correct an illegal sentence was disposed of in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*).

*The person/nonperson classification is a question of law*

Collier next argues his prior offenses must be reclassified as nonperson crimes because "[r]etroactively defining the past crimes of conviction as person crimes changes the elements upon which the defendant was sentenced and increases the sentence based upon [a] finding of fact beyond [the] mere existence of a prior criminal conviction." Though not entirely coherent, the argument appears essentially to be that the legislature violated *Apprendi* when it "found" that certain crimes are "person" or "nonperson" crimes. This claim is without merit.

The power to define offenses and affix punishment is within the legislature's province. *State v. Ponce*, 258 Kan. 708, 711, 907 P.2d 876 (1995). And it is a fundamental sentencing rule that the penalty parameters for a crime are established at the time the crime was committed. *Keel*, 302 Kan. 560, Syl. ¶ 9. The legislative determination of the *effect of a prior crime* on sentencing for a new offense does not alter the sentence for the prior offense, but rather falls squarely within the legislature's prerogative to affix the punishment for the current crime.

Moreover, the sentencing court's classification of a prior crime under *Keel* is not a factual finding but a question of law that turns solely on the application of the KSGA— namely, a comparison of the statutory elements of the prior crime to the statutory elements of comparable offenses as codified at the time the current offense was committed. See *Keel*, 302 Kan. 560, Syl. ¶ 4 (whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the KSGA, and interpretation of a statute is a question of law).

10

Without unduly belaboring the point, the person-crime classification generally does not require the type of historical factfinding ordinarily at issue in *Apprendi* cases. See, *e.g.*, *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2163-64, 186 L. Ed. 2d 314 (2013) (whether defendant "'brandished'" a firearm while committing crime for which sentence being imposed is a fact question requiring jury determination); *Apprendi*, 530 U.S. at 468-69, 490 (whether defendant "acted with a purpose to intimidate an individual or group of individuals because of race" when committing prior crime was a fact question for which jury determination was required). But see *Dickey I*, 301 Kan. at 1021 (holding offense-specific provision for classifying prior crime violated *Apprendi* by requiring judicial factfinding as to circumstances of prior offense).

*Summary denial was appropriate*

Finally, Collier argues the district court erred by denying his motion without a hearing. He contends the plain language of K.S.A. 22-3504(1) grants him the right to a hearing on his motion, at which he is entitled to be personally present and to have the assistance of counsel. His argument is without merit because the motions, records, and files in the present case conclusively show Collier is not entitled to relief. Therefore, the district court did not err by summarily denying it. See *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016) (When a defendant files a motion to correct illegal sentence, a district court may dismiss the motion without a hearing or appointment of counsel if "'"'the motion, files, and records of the case conclusively show the defendant is not entitled to relief.'"'").

Affirmed.

11