IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,008

STATE OF KANSAS,
*Appellee*,

v.

ESSEX SIMS,
*Appellant.*

SYLLABUS BY THE COURT

1.

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504(1) de novo because the reviewing court has the same access to the motions, records, and files. The reviewing court, like the district court, must determine whether the documents conclusively show the defendant is not entitled to relief.

2.

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. An illegal sentence under K.S.A. 22-3504(1) is one: (a) imposed by a court without jurisdiction; (b) that does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or (c) that is ambiguous with respect to the time and manner in which it is to be served.

3.

Under the KSGA, the legislature intended for all prior convictions and juvenile adjudications, including those convictions and adjudications occurring before KSGA

1

implementation, to be considered and scored for purposes of determining an offender's criminal history score.

4.

A pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. The comparable post-KSGA Kansas criminal statute is the one in effect at the time the current crime of conviction was committed.

5.

The legislature has the power to affix punishments by designating prior offenses as person or nonperson offenses for the purposes of calculating the sentence for a current crime of conviction under the KSGA. The exercise of this legislative authority does not implicate the constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, and *Sean M.A. Hatfield*, of the same firm, were on the brief for appellant.

*Boyd K. Isherwood,* assistant district attorney*, Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

2

The opinion of the court was delivered by

BILES, J.:  Essex T. Sims was convicted of a 1995 aggravated battery and sentenced under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 21-4701 *et seq*. In calculating his criminal history, the sentencing court included a 1992 juvenile adjudication for aggravated assault, which it classified as a person felony. In 2015, Sims moved to correct what he claimed was an illegal sentence. The district court summarily denied relief. We reject each assertion of error and affirm.

We hold:  (1) Sims is not entitled to have the 1992 juvenile adjudication for aggravated assault classified as a nonperson offense under *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (regarding person/nonperson classification of prior out-of-state offenses for purposes of calculating criminal history score), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); (2) the KSGA's person/nonperson classification of pre-KSGA offenses does not violate the Sixth Amendment's prohibition on nonjury factual findings that increase a defendant's sentence; and (3) the district court did not deprive Sims of a statutory right to a hearing when it summarily denied relief.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Sims of felony murder, two counts of aggravated battery, one count of criminal discharge of a firearm at an occupied dwelling, and one count of criminal possession of a firearm. These crimes occurred in March 1995. The presentence investigation revealed two prior offenses:  a 1992 juvenile adjudication for theft scored as a nonperson felony and a 1992 juvenile adjudication for aggravated assault scored as a person felony.

3

The sentencing court imposed a life sentence for the felony-murder conviction. Applying a criminal history score of "C," the district court imposed a consecutive 75-month sentence for one of the aggravated battery convictions. This court affirmed his convictions in *State v. Sims*, 262 Kan. 165, 936 P.2d 779 (1997).

In 2015, Sims filed a motion to correct the aggravated battery sentence, arguing the sentencing court used an incorrect criminal history score because the 1992 aggravated assault was misclassified as a person crime. For that proposition, Sims relied on *Murdock*. The district court summarily denied the motion. Sims timely appealed. Jurisdiction is proper. See K.S.A. 2016 Supp. 22-3601(b)(3) (Supreme Court has jurisdiction over a case in which life sentence is imposed); *State v. Sims*, 294 Kan. 821, 823-24, 280 P.3d 780 (2012) (Supreme Court has jurisdiction over motion to correct an illegal sentence filed in a case in which defendant received a life sentence).

ANALYSIS

Under K.S.A. 22-3504(1), the court may correct an illegal sentence at any time. Sims argues the district court erred summarily denying his motion because (1) his pre-KSGA aggravated battery offense should be reclassified as a nonperson offense under *Murdock*, 299 Kan. 312; (2) the person/nonperson classification cannot be applied to his pre-KSGA crime under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and (3) the court's summary denial of his motion violated his statutory right to a hearing.

An illegal sentence under K.S.A. 22-3504(1) is one:  (1) imposed by a court without jurisdiction; (2) that does not conform to the statutory provisions, either in character or the term of the punishment authorized; or (3) that is ambiguous with respect

4

to time and manner in which it is to be served. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

*Standard of review*

An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504(1) de novo because the appellate court has the same access to the motions, records, and files. *Gilbert*, 299 Kan. at 801. The question on appeal is whether the documents conclusively show the defendant is not entitled to relief. 299 Kan. at 801.

*There is no relief under* Murdock

Sims first argues his prior aggravated assault offense must be reclassified under *Murdock.* At the time of Sims' current aggravated battery offense, the KSGA required that "[a]ll prior adult felony convictions . . . will be considered and scored" and that "[a]ll juvenile adjudications which would constitute a person felony will not decay or be forgiven." K.S.A. 21-4710(d)(2), (6). But the act was mostly silent on how to determine whether a pre-KSGA offense should be scored as a person or nonperson crime. *Keel*, 302 Kan. at 572.

In *Murdock*, the court held a defendant's out-of-state felony convictions for robbery that were committed before the KSGA's 1993 enactment were improperly classified as person felonies for sentencing purposes. 299 Kan. at 319. The applicable KSGA provision required that prior out-of-state crimes be categorized as person or nonperson offenses by referring to "comparable" Kansas offenses. 299 Kan. at 314 (quoting K.S.A. 21-4711[e]). But since the statute did not provide direction on whether to compare the out-of-state offense to the comparable Kansas offense as codified at the time

5

of the out-of-state offense or as codified at the time of the current conviction, the court held the robbery convictions should have been classified as nonperson felonies. 299 Kan. at 319. The court acknowledged "this rule results in the classification of all out-of-state pre-1993 crimes as nonperson felonies." 299 Kan. at 319.

But while Sims' illegal sentence appeal was pending, *Murdock* was overturned. See *Keel*, 302 Kan. at 589. The *Keel* court held, "[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 590.

In his brief, Sims acknowledges *Keel*. But he also notes the *Keel* mandate was stayed pending a petition for writ of certiorari to the United States Supreme Court and "respectfully submits the arguments in support of the reversal of the district court's decision on this case based upon *Murdock*, in order to preserve the arguments and issues for future review." Notably, the Court denied the petition for certiorari in *Keel* on January 11, 2016, and the mandate issued on January 29, 2016.

Based on *Keel*, Sims' argument that *Murdock* should be extended to control the classification of his in-state pre-KSGA offense fails. The general rule in Kansas is that an overruling decision is applied to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued. *State v. Waterberry*, 248 Kan. 169, 172, 804 P.2d 1000 (1991); see also *Murphy v. Nelson*, 260 Kan. 589, 597, 921 P.2d 1225 (1996) (citing *Waterberry*, 248 Kan. 169, Syl. ¶ 1). Sims' motion was pending on appeal when *Keel* was decided, and Sims advances no substantive argument why this general rule should not apply and why *Keel* should not control his case.

6

Because Sims' case is controlled by *Keel*, the court need not address his argument that K.S.A. 2016 Supp. 21-6810(d) and (e) violate the Ex Post Facto Clause of the United States Constitution by statutorily altering the rule announced in *Murdock* and applying that change retroactively. Since *Keel* construed the statute regarding person/nonperson classifications that was in effect at the time Sims committed his aggravated battery offense, the 2016 statute is not being retroactively applied to him. *Keel*, 302 Kan. at 590-91 (noting court's construction of statute in effect at time of defendant's crime to permit person classification of pre-KSGA offenses obviated need for ex post facto analysis).

Applying *Keel*, the sentencing court properly classified Sims' pre-KSGA aggravated assault adjudication as a person felony. At the time Sims committed his current crime, K.S.A. 21-3410 defined "aggravated assault" in a manner consistent with the definition of the crime at the time of his prior offense and classified the crime as a severity level 7, person felony. Compare K.S.A. 21-3410 (defining "aggravated assault" as an assault committed with a deadly weapon; while disguised to conceal identity; or with intent to commit any felony) with K.S.A. 21-3410 (Ensley 1988) (defining "aggravated assault" as unlawfully assaulting or striking at another with a deadly weapon; threatening or menacing another while disguised to conceal identity; or assaulting another with intent to commit any felony). *Cf. State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding closest Kansas "approximation" to out-of-state statute under which conviction arose was comparable offense for classification purposes, rejecting argument that elements must be identical, and noting "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical"), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

*The person/nonperson classification is a question of law*

Sims next argues his prior aggravated assault offense must be reclassified as a nonperson crime because "[r]etroactively defining the past crimes of conviction as person crimes changes the elements upon which the defendant was sentenced and increases the sentence based upon [a] finding of fact beyond [the] mere existence of a prior criminal conviction." This argument is without merit because the statutory person/nonperson classification for a prior crime for the purposes of determining the crime's effect on the sentence for the current conviction is within the legislature's power to affix punishment. See *State v. Collier*, 306 Kan. ___, ___ P.3d ___ (No. 114,304, filed June 2, 2017), slip op. at 10 (rejecting identical argument).

*Summary denial was appropriate*

Finally, Sims argues the district court erred by denying his motion without a hearing. He contends the plain language of "K.S.A. 22-3504 grants the defendant the right to a hearing to correct an illegal sentence, and to be personally present with the assistance of counsel." This argument is without merit because the motions, records, and files in the present case conclusively show Sims is not entitled to relief. Therefore, the district court did not err by summarily denying the motion. See *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016) (When a defendant files a motion to correct illegal sentence, a district court may dismiss the motion without a hearing or appointment of counsel if "'''''the motion, files, and records of the case conclusively show the defendant is not entitled to relief.'''''"); see also *Collier*, slip op. at 11 (applying *Gray* to reject identical arguments on facts nearly identical to Sims' case).

Affirmed.

8